## PIZA HERMANOS v. CALDENTEY.

APPEAL FROM THE SUPREME COURT OF PORTO RICO.

No. 134. Submitted December 15, 1913.—Decided January 5, 1914.

Where the principle on which the amount recovered is based is admitted, this court will not go behind well warranted findings of fact in regard to the question of amount.

Where it appears that there may have been an error in computing the

amount of the recovery, this court can affirm the judgment without prejudice to reopening the account for the single purpose of correcting such error if the lower court so permits.

THE facts, which involve the construction of a contract of employment, are stated in the opinion.

*Mr. Frederic R. Coudert, Mr. Paul Fuller* and *Mr. Charles B. Samuels* for appellants.

*Mr. Charles F. Carusi* and *Mr. A. Sarmiento* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the appellee to recover the sum alleged by him to be due upon a correct account between the defendants and himself. The facts as found are that the appellee was employed by the defendants, copartners, at a monthly salary and ten per cent. of the net profits, to be credited in his private account; that after about seven years and a half he left the firm on March 11, 1910; that the points of difference as to accounting concern the valuation of an estate bought by the firm and of some unharvested and unsold crops. The firm credited the estate at cost, $20,584.67, but the courts below found that it was worth $80,000, charged the difference, $59,415.33, as profit, and credited the appellee with $5941.53. They likewise found that the profit on the crops was much greater than the appellee's estimate and therefore allowed him the $2000 claimed in his complaint.

It may be that we should adopt a different rule from that followed by the courts below if the question came here as a pure question of law. But it appears from the opinion of both courts that they found the appellants to have admitted the propriety of charging an increase in

the value of the estate as a profit, so that the question was narrowed to one of amount. The principle being settled in this way it was applied to the unsold crops. We do not go behind these well warranted findings of fact and really there is nothing else before us. The assignment of errors raised some other points, but these were the only matters that were pressed in the final argument or that could have been pressed with any hope of success. It is suggested that if otherwise right the judgment charged the appellants with some items twice over. We do not see it, but if there has been any oversight in this respect our affirmance of the judgment will be without prejudice to reopening the account for the single purpose of correcting errors of calculation if permitted upon application to the Supreme Court.

*Judgment affirmed.*