# GSELL v. INSULAR COLLECTOR OF CUSTOMS.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 31. Submitted May 14, 1915; ordered that briefs be filed on the jurisdictional question June 21, 1915; briefs filed October 11, 1915.— Decided November 15, 1915.

The manner of review in this court of judgments of the Supreme Court of the Philippine Islands is regulated by the act of July 1, 1902, 32 Stat. 691.

Under the act of July 1, 1902, this court has jurisdiction to review the judgment of the Supreme Court of the Philippine Islands in actions in which a statute of the United States is involved.

A decision as to classification of merchandise imported into the Philippine Islands involves the construction of the Philippine Tariff Act, and that being a statute of the United States, this court has jurisdiction to review the judgment if properly brought up.

Under the act of July 1, 1902, the same regulations and procedure apply

to the review by this court of judgments of the Supreme Court of the Philippine Islands as to final judgments of the Circuit Courts, and this provision being essential, such regulations and procedure must be complied with.

The procedure for review by this court of judgments of the Circuit Courts and Circuit Courts of Appeals in customs cases has always been by appeal and not by writ of error.

There is more than mere difference in form and procedure between a review by appeal and one by writ of error; upon the former, questions of law and fact are involved; while upon the latter, the review is limited to questions of law.

Review by writ of error is inapplicable to customs cases involving the facts necessary to determine the proper classification under the statute, and judgments of the Supreme Court of the Philippine Islands in customs cases cannot be reviewed upon writ of error.

Writ of error to review 24 Phil. Isl'd, 369, dismissed.

THE facts, which involve the jurisdiction of this court of writs of error to review judgments of the Supreme Court of the Philippine Islands, are stated in the opinion.

*Mr. Harry W. Van Dyke* for plaintiff in error.

*Mr. S. T. Ansell* and *Mr. L. W. Call* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case comes to this court on a writ of error to the Supreme Court of the Philippine Islands, the purpose of which is to review a judgment of that court, affirming a judgment of the Court of First Instance of Manila, which reversed a decision of the Insular Collector as to the proper classification under the tariff act of a certain commodity, known as wool noils, imported into the Philippine Islands. The contention of the importer is that the material is admissible under the free list. The decision was that such material properly classified was subject to a duty of ten per cent. *ad valorem.* At the last term of this court, this case was submitted for consideration, and an order was

entered, requesting that briefs be filed before the present term on the question of the jurisdiction of this court to review the decision of the Supreme Court of the Philippine Islands, and, if reviewable, whether by writ of error or appeal.

The manner of review in this court of the judgments of the Supreme Court of the Philippine Islands is regulated by act of Congress of July 1, 1902, c. 1369, § 10, 32 Stat. 691, 695, which provides:

"That the Supreme Court of the United States shall have jurisdiction to review, revise, reverse, modify, or affirm the final judgments and decrees of the Supreme Court of the Philippine Islands in all actions, cases, causes, and proceedings now pending therein or hereafter determined thereby in which the Constitution or any statute, treaty, title, right, or privilege of the United States is involved, or in causes in which the value in controversy exceeds twenty-five thousand dollars, or in which the title or possession of real estate exceeding in value the sum of twenty-five thousand dollars, to be ascertained by the oath of either party or of other competent witnesses, is involved or brought in question; and such final judgments or decrees may and can be reviewed, revised, reversed, modified, or affirmed by said Supreme Court of the United States on appeal or writ of error by the party aggrieved, in the same manner, under the same regulations, and by the same procedure, as far as applicable, as the final judgments and decrees of the circuit courts of the United States."

This section gives this court jurisdiction to review, revise, reverse, modify, and affirm the final judgments or decrees of the Supreme Court of the Philippine Islands, among others, in actions in which a statute of the United States is involved. The Philippine Tariff Act of August 5, 1909, c. 8, 36 Stat. 130, which is under consideration in this case, is a statute of the United States, and the decision

as to the classification of the merchandise in question involves a statute of the United States, and the case is properly brought for review into this court.

As to the manner of review, this statute is distinct, and provides that such final judgments and decrees of the Supreme Court of the Philippine Islands, can be reviewed, revised, reversed, modified, or affirmed by this court on appeal or writ of error by the party aggrieved, in the same manner, under the same regulations, and by the same procedure, as far as applicable, as the final judgments and decrees of the Circuit Courts of the United States. This provision as to the manner of review is an essential part of the act, and in considering it, this court held, in *Fisher* v. *Baker*, 203 U. S. 174,—where an attempt was made to review an order in a proceeding in *habeas corpus* by writ of error,—that, inasmuch as the final order in such cases in the Circuit and District Courts of the United States can only be reviewed by appeal, the same rule governs procedure to review a final order of the Supreme Court of the Philippine Islands, and the writ of error was accordingly dismissed. See, in this connection, *De la Rama* v. *De la Rama*, 201 U. S. 303; *Behn* v. *Campbell*, 205 U. S. 403.

We therefore proceed to inquire as to the manner of review of orders of this character, in revenue cases in the United States, under the statutes and regulations governing such proceedings, when taken from the final judgments and decrees of the Circuit Courts of the United States. Before the act of June 10, 1890, c. 407, 26 Stat. 131, there was a right of review of revenue cases by appeal from the Circuit Courts of the United States to this court (Rev. Stats., § 699). By the act of June 10, 1890, § 15, 26 Stat. 131, 138, an appeal was given from the decision of the Board of Appraisers as to the construction of the law and the facts, respecting the classification of merchandise, and the rate of duty imposed, to the Circuit Courts of the United States. The decision of the Circuit Court was

final unless the court should be of opinion that the question involved was of sufficient importance to require a review by this court, in which case an appeal was allowed from the Circuit Court to this court. In this state of the law, the Court of Appeals Act was passed March 3, 1891, c. 517, 26 Stat. 826, in which the judgment of the Court of Appeals was made final, among other instances, in revenue cases. It was held that that act, read in connection with former legislation, gave the Circuit Court of Appeals jurisdiction to review judgments of the Circuit Court in revenue cases. *Louisville Public Warehouse Co.* v. *Collector of Customs,* 49 Fed. Rep. 561, Circuit Court of Appeals, Sixth Circuit, opinion by Judge, afterwards Mr. Justice Jackson. The remedy must be sought by appeal, and not by writ of error. *United States* v. *Diamond Match Co.,* 115 Fed. Rep. 288, Sixth Circuit. In 1908, the Revenue Act was amended May 27, 1908, c. 205, 35 Stat. 403, 405, so that the decision of the Circuit Court was made final in such revenue cases, unless the court certified that the question was of enough importance to go to the Court of Appeals, in which case there was a right to review the judgment of the Court of Appeals by writ of certiorari in this court. The Customs Court Act gives jurisdiction to review the decisions of the Board of General Appraisers by appeal. This act has no application to the Philippine Islands. From this it may be seen that the procedure for review in the Circuit Courts of the United States, as well as in the Circuit Courts of Appeal and in this court, has at all times been by way of appeal, and not by writ of error. *United States* v. *Klingenberg,* 153 U. S. 93, 103, 104.

Turning now to the procedure in the Philippine Islands (Acts of Philippine Commission, No. 864), we find that the decision of the Insular Collector may be reviewed in a Court of First Instance, and afterwards in the Supreme Court of the Philippine Islands, as was done in the present case. In the Supreme Court, while that court has the

·case upon· so-called bills of exception, the whole record is certified and the case is considered, as the opinion shows upon the facts and the law applicable thereto. Thus the proceeding in the Supreme Court is practically an appeal. In the opinion and judgment in that court it is styled an appeal. The right to review the judgment in this court is, as we have said, controlled by the Federal Act of 1902, 32 Stat. 691, and is in the same manner, i. e., by appeal or writ of error, and with the same procedure, so far as applicable, as is applied to final judgments and decrees of the Circuit Courts of the United States. From what has been said, it is apparent that such review from the orders of the Circuit Courts of the United States was uniformly by appeal, and not by writ of error. Nor is the different method of review a mere difference in form and procedure only. Upon appeal, as the statutes already referred to and the decisions of this court show, it was intended to take before the reviewing court the questions of law and fact involved, upon all competent evidence taken and heard before the Board of General Appraisers and before the Circuit Court. Such was the uniform method and purpose of review, under all the statutes and procedure, which, so far as applicable, are to be read into the Philippine Act, and such is still the policy of the Federal Statutes in permitting review of the decisions of the Boards of General Appraisers in the United States by appeal to the Court of Customs Appeal. By writ of error the review is limited to questions of law, a method of procedure inapplicable to customs cases where the facts must be considered in order to determine the proper classification of the merchandise and the duty to which it is subject.

We reach the conclusion that the writ of error, by which it is sought to review the judgment of the Supreme Court of the Philippine Islands in this case, should be dismissed for want of jurisdiction, and it is so ordered.

*Dismissed.*