DE LA RAMA *v.* DE LA RAMA.

ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE
PHILIPPINE ISLANDS.

No. 216.  Submitted April 18, 1916.—Decided. May 1, 1916.

The rule that local practice, sanctioned by the local courts, should not be disturbed, applied in this case to the union of two causes of action, one of divorce and the other separation of the conjugal property, and both within the jurisdiction of the Court of First Instance of the Philippine Islands.

An objection to the competency of the presiding judge which was not

made in the courts below, and could have been corrected if made in the trial court, cannot be tolerated in this court except under the most peremptory requirements of law.

Due process of law does not forbid a hearing upon a transcript of evidence formerly heard in court; and where, as in this case, the parties assented to the course pursued.

As the evidence is not before this court, and there is nothing in the record to control the opinion of the Supreme Court of the Philippine Islands that the method adopted by the Court of First Instance was substantially in accord with the method prescribed by the Code, this court disallows an attempt to open questions of detail, no clear and important error being shown and the matter being one of local administration.

A discretion is recognized in regard to allowing interest even in matters of tort; and this court will not hold that the court below erred in fixing the date at which, but for the law's delay, the money would have been paid, even though the appellate court did reduce the amount awarded by the trial court.

The review of judgments of this nature of the Supreme Court of the Philippine Islands is by appeal and not by writ of error.

THE facts, which involve the validity of provisions in decree for divorce affecting division of conjugal property made by the Supreme Court of the Philippine Islands, are stated in the opinion.

*Mr. Rufus S. Day, Mr. Charles Edmond Cotterill* and *Mr. Edmund W. Van Dyke* for plaintiff in error and appellant:

The courts below were without, and erred in assuming, jurisdiction to determine whether any, and if so what, conjugal partnership property existed, or, on finding that any did exist, to order a division thereof between the parties, since the proceeding for divorce and the proceeding to secure a separation of the property were required by law in the Philippines to be instituted, if at all, in separate actions, and they were, therefore, improperly joined.

The special judge who rendered the decision purporting to be, that of the Court of First Instance. of Iloilo in the branch of the proceedings that relates to the separation of the conjugal partnership property, and which is now here for review, was not properly designated and empowered, nor did he afterwards properly qualify himself to act. He was, therefore, without jurisdiction.

The retrial in the Court of First Instance with respect to the existence and value of the conjugal partnership property and the amount divisible between the parties was not in conformity with law in that the case was not decided by the judge who presided at the retrial, and before whom the witnesses appeared, but by another judge, before whom not a single witness appeared, and who was specially assigned to the case when the trial judge had resigned his office without having announced a decision.

The courts below erred in attempting to liquidate the claim of the wife to a share in the conjugal partnership property as of July 5, 1902, the date of the judgment of divorce. The Supreme Court of the Islands erred in not reversing the trial court because of the failure of that court to require an inventory required by law; also in sustaining the holding of that court to the effect that an alleged share in the supposed profits of a firm to which appellant belonged was property in his possession, though there was no proof of the existence of such profits at the time of the trial or rendition of the judgment; also in affirming that part of the judgment of the Court of First Instance which includes in the award to the wife an amount arrived at by an attempt to compute profits of said firm based on mere conjecture.

The court below erred in affirming the judgment of the Court of First Instance, that allows interest on the amount stated therein from July 5, 1902.

In support of these contentions, see *Behn Co.* v. *Camp-*

*bell,* 205 U. S. 402; *Chew Heong* v. *United States,* 112 U. S. 436; Vols. I and IX, Codigo Civil Interpretado por el Tribunal Supremo, El—by Martinez Ruiz; Vols. I and IX, Comentarios al Codigo Civil Español—by Manresa y Navarro; vol. 23, Cyclopædia of Law and Procedure; *De la Rama* v. *De la Rama,* 201 U. S. 203; 1 Encyc. Pl. & Pr.; *Garrozi* v. *Dastas,* 204 U. S. 64; *Gsell* v. *Insular Collector,* 239 U. S. 93; *Ill. Cent. R. R.* v. *Turrill,* 110 U. S. 301; *Kneeland* v. *Am. Trust Co.,* 138 U. S. 509; *Mansfield &c. Ry.* v. *Swan,* 111 U. S. 379; *Minnesota* v. *Hitchcock,* 185 U. S. 382; *Thomas* v. *Board of Trustees,* 195 U. S. 207; *United States* v. *Levois,* 17 How. 85.

*Mr. Frederic R. Coudert* and *Mr. Howard Thayer Kingsbury* for defendant in error and appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by a wife for divorce, alimony *pendente lite* and a division of the conjugal property. It has been before this court in the first aspect, 201 U. S. 303, and now comes here on matters affecting the division of property, beginning with the fundamental objection that the division could not be asked in the divorce suit but must proceed on the footing of a decree already made. As to this it is enough to say that no such error was assigned as a ground for appeal, and the objection comes too late. At the previous stage the right of the plaintiff to her proportion of the conjugal property, to alimony pending suit and to other allowances claimed, was said to be the basis of our jurisdiction. 201 U. S. 318. *Villanueva* v. *Villanueva,* 239 U. S. 293, 294. The Court of First Instance had jurisdiction of the subject-matter, and the separation or union of the two causes was merely a question of procedure and convenience. The defendant im-

pliedly admitted the jurisdiction by pleading that there was no common property and that "therefore" the separation should be denied. After the matter had been adverted to by the trial judge and the joinder declared proper it was dealt with as legitimate by the Supreme Court and upon a petition for rehearing the only objections urged by the defendant concerned matters of detail. There is every reason that the local practice sanctioned in this case by the local courts should not be disturbed.

The next error alleged in argument also was not assigned. It is that Judge Norris who first heard the evidence having resigned, Judge McCabe, of the Court of First Instance, who finally decided the separation of conjugal property, was designated by Judge Ross (before whom otherwise the case would have come), on the ground that the latter was disqualified; and that Judge Ross had no power to do so under the Code of Civil Procedure then in force. Upon this point again we should not disturb the course adopted by the local tribunals without stronger reasons than are offered here and therefore do not discuss the question at length. The parties could have agreed in writing upon a judge and they did agree in writing at a later stage that Judge McCabe should decide the case without waiting for the action of the assessors whom the law provides to assist upon matters of fact. This objection like the preceding seems not to have been even suggested to the Supreme Court of the Philippines. To listen to it now would be not to prevent but to accomplish an injustice not to be tolerated except under the most peremptory requirement of law.

The next point argued, again not assigned as error, is that it seems from the opinion of the judge of first instance that the trial was had upon the evidence that had been offered before Judge Norris. If we are to assume the fact, it is a most extraordinary suggestion that, even though the parties seem to have assented to the course

pursued, due process of law forbids a hearing upon a transcript of evidence formerly heard in court. We shall say no more upon this point.

The errors that were assigned may be disposed of with equal brevity. The first one is the taking of July 5, 1902, the date of the decree of divorce, afterwards affirmed, as the date for liquidating the wife's claim. It is urged that there was no formal decree of separation of the property and that until such an order had been made the court had no right to enter a judgment. It also is argued that there was no such inventory as was required by law. But the testimony and other evidence are not before us, and, apart from our often stated unwillingness to interfere with matters of local administration unless clear and important error is shown, there is nothing in the record sufficient to control the opinion of the Supreme Court of the Islands that 'the method adopted by [the judge of first instance] in liquidating the assets of the conjugal partnership was substantially in accord with the method prescribed in the code.' We disallow the attempt to reopen some questions of detail such as a charge of estimated profits, upon this and other grounds. See *Piza Hermanos* v. *Caldentey*, 231 U. S. 690.

The only remaining item is charging interest on the judgment from July 5, 1902. But that was the date at which but for the delays of the law the wife would have received her dues, the husband has had the use of the money meanwhile, and we are not prepared to say that it was not at least within the discretion of the court to allow the charge, notwithstanding the success of the husband in reducing the amount on appeal. *Stoughton* v. *Lynch*, 2 Johns. Ch. 209, 219. *Hollister* v. *Barkley*, 11 N. H. 501, 511. See *Barnhart* v. *Edwards*, 128 California, 572. *McLimans* v. *Lancaster*, 65 Wisconsin, 240. *Rawlings* v. *Anheuser-Busch Brewing Co.*, 69 Nebraska, 34. A discretion is recognized even in actions of tort. *Eddy* v.

*Lafayette,* 163 U. S. 456, 467. *Frazer* v. *Bigelow Carpet Co.,* 141 Massachusetts, 126. The judgment upon the appeal will be affirmed and the writ of error dismissed. *De la Rama* v. *De la Rama,* 201 U. S. 303. *Gsell* v. *Insular Collector of Customs,* 239 U. S. 93.

*Writ of error dismissed.*
*Judgment affirmed.*