UNITED STATES of America. Plaintiff,

v.

**186.82 ACRES OF LAND, MORE OR LESS, Situate IN WARREN COUNTY, STATE OF PENNSYLVANIA, and W. Boyd English, et al., Defendants.**

**Civ. A. No. 871.**

United States District Court
W. D. Pennsylvania.
June 15, 1962.

Mahady & Mahady, Greensburg, for John Condio and Katherine Condio.

Bloom, Bloom & Yard, Washington, for Lester M. Sheldon and Charlotte M. Sheldon.

Joseph J. Malizia, Emporium, for W. Boyd English, Marshall D. Stanton & Rita D. Stanton, William A. Eschenbach, Clifford L. Jenkins, Marilyn L. Jenkins, Edward E. Peterson, Stewart K. Matson, Naomi C. Matson, Owen A. Carpenter, Luella J. Carpenter, Joseph Pollock, Frances M. Pollock, Fred M. Culbertson, Charles H. Freude, Ruth E. Freude, Walter B. English, Jr., Ethel M. English, Jesse English and Rena English.

6. Poller v. Columbia Broadcasting System, 368 U.S. 464, 469, 82 S.Ct. 486, 7 L.Ed.2d 458.

WILLSON, District Judge.

The United States has filed objections to the appointment of a commission named by this Court to try the issue of just compensation to be awarded for the condemnation of the tracts involved in these proceedings. The complaint in condemnation by the United States was filed April 26, 1962, and the order of reference appointing the commission was filed the same date. The objections were filed by the United States Attorney on May 5, 1962.

The government argues that this is not an exceptional case; that a blanket reference to commissioners is not provided for in the Federal Rules of Civil Procedure; that the appointment is an undue expense on the government; that it will delay and confuse the procedure, and finally that the commissioners would be biased.

■ Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides in part where there is no specially constituted tribunal for the determination of the issue of just compensation "any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interests of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. * * * Trial of all issues shall otherwise be by the court". Plaintiff has filed a demand for trial by jury in the within civil action except as to Tracts 766 and 771. As stated in Moore's Federal Practice, Vol. 7, p. 2793, Sec. 71A. 90(3): "The cast of the Rule favors jury trial of the issue of just compensation, where any party, condemnor or condemnee, files timely demand therefor; but the Rule is flexible and the district court, for good cause shown, may refer the issue of just compensation to a commis-

sion." United States v. 5,677.94 Acres of Land, etc., 162 F.Supp. 108, (D.C.Mont. 1958); United States v. Delaware, Lackawanna & W. R. Co., 264 F.2d 112 (3 Cir.1959), cert. denied, 361 U.S. 819, 80 S.Ct. 63, 4 L.Ed.2d 65; United States v. Vater, 259 F.2d 667, (2 Cir.1958).

At the outset it is to be noticed that the order of reference now being objected to by the government was prepared by the United States Attorney's Office and submitted for my signature. The reasons set forth in the order for appointing a commission were:

"1. These cases are concerned with a number of tracts condemned in connection with the Allegheny River Reservoir Project, the lands and estates acquired being located in Warren County, Pennsylvania, and they involve many owners and title problems.

"2. If the cases were tried by a jury, the burden on the time of the Court would be excessive.

"3. If the cases were tried by a jury, the parties entitled to the just compensation would not get speedy justice. Rather, the cases would be delayed for the reason that the cases would have to be tried in Erie, Pennsylvania. It would be expensive to try the cases in Pittsburgh and take the jury to view the tracts, located in Warren County, Pennsylvania, some 138 miles from the City of Pittsburgh,"

Involved in this one civil action are 24 tracts of land, all situate in or very near the village of Kinzua. Nineteen of the tracts condemned are less than one acre in size and only three are larger than 1½ acres. The estimated just compensation deposited in the registry of the court by the government and as established by its appraisers ranges from $150.00 to $15,500.00. Eight tracts are valued under $1,000.00; four are valued between $1,000.00 and $5,000.00; eight are valued between $5,000.00 and $10,-000.00 and only four are valued over

$10,000.00. None of the owners of the 24 tracts own more than one of them.

It is noticed that on the government documents filed there appears the legend "Allegheny River Reservoir". The present condemnations are for the purpose of acquiring the land needed in the erection of what is commonly known as the Kinzua Dam now under construction. This is a multi-million dollar project. The dam itself is situate on the Allegheny River in Warren County in this district. The map attached to the complaint shows, however, that the land to be acquired is situate in Warren and McKean Counties in this district and in Cattaraugus County in the State of New York. Many thousands of acres will be required in the construction of the dam and the needed land area, but, relatively speaking, only a small portion of the land to be acquired lies in Pennsylvania.

The Kinzua Dam, when constructed will complete the last of the Army Engineer's long formulated plans known as the Allegheny River Reservoir. It is within the realm of public knowledge that the United States Corps of Army Engineers, for three-quarters of a century, has had under construction various flood control projects concerned with controlling the waters of the Allegheny River and its tributaries. In the construction of the six dams or reservoirs which have already been built, many hundreds of condemnations have passed through this court, but since the passage of Rule 71A, adopted in 1951, the issue of just compensation has been determined in all cases by a commission, except in two or three instances. It is to be noticed that Rule 71A of the Federal Rules of Civil Procedure, in setting out the court's discretion, says "because of the character, location, or quantity of the property to be condemned, *or for other reasons in the interest of justice,* the issue of compensation shall be determined by a commission of three persons appointed by it." (Emphasis supplied).

■■ It is noticed also that the Court of Appeals of this circuit, United States v. Delaware, Lackawanna & W. R. Co., 264 F.2d 112, (3 Cir.1959), has indicated that the choice is vested in the discretion of the court. In the opinion Judge McLaughlin pointed out the genesis of Rule 71A. In the report of the Advisory Committee at the time this Rule was formulated, mention was made of the use of commissioners instead of juries in Tennessee Valley Authority cases. What is there mentioned, found after the text in 28 U.S.C.A., Rule 71A, has applicability in this instance. The majority of the parcels of lands condemned are situate in the Village of Kinzua which in turn is situate along the banks of the river. In these small properties it seems essential that uniformity in awards is most desirable. I think the members of this court have found that we have better uniformity under the commission system than are found with juries. Notoriously, jury trials in many instances, not only in negligence cases but also in land cases, result in verdicts, one of which has little relation to any other verdict. The maps attached to the papers in the file indicate that many of these properties are contiguous one to the other and involve small moderate sized dwelling houses. These are certainly small land owners. Each of the owners would be entitled to a separate jury trial as to his property if the issue of just compensation were to be decided by a jury. Kinzua is 80 miles east of the Federal Court House at Erie. In land cases the witness, other than an owner, who testifies as to value must qualify as an expert. It seems to me that the constitutional guaranty of just compensation to a land owner in a condemnation case is simply an empty phrase where a land owner is required to travel 80 miles to the Court House with his expert witness and counsel to try a case involving a parcel of land valued at $4,000.00, let alone one of $150.00. As in the TVA condemnations, it is impractical to take a jury from Erie to Kinzua in each trial involving a separate owner and a separate parcel of land. The area of the Kinzua Dam and the Village of Kinzua is well known to me. Much of the land to the

east is forested land already owned by the government as it is part of the Allegheny National Forest. A practical solution of the problem of fairness and uniformity would be for the commissioners to meet in the village of Kinzua to take testimony and to examine and view the land with the buildings and other appurtenances thereon. By that method a property owner could no doubt secure a satisfacory settlement of his just compensation with a minimum expense to himself and to the government. I take but very little stock in the government's argument that the appointment of a commission tends to create delay. I believe the contrary to be the case. Further, there is no evidence whatsoever that the members of the commission would be biased. That is simply an argument without substance. It can be pointed out that if jury trials were held, some of the jurors would no doubt come from the same area. This court believes that members of the commission will act impartially and in accordance with their sworn duty.

It is to be observed that this court has now, after many years, reached a current status in the trial of civil actions. The burden of jury trials of all of these land condemnations certainly would tend to again create a backlog in the court's docket. The Clerk has informed the court that some 493 condemnations have been filed in this court since 1952. By the use of the commissions, the court has been able to terminate these cases with but a handful of appeals and this particular Judge believes that these terminations have been satisfactorily concluded to all concerned.

What has been said here certainly comes under the authority in the rule, *"for other reasons in the interest of justice"*. (Emphasis supplied). It is my view that the interest of justice not only permits but requires that commissioners hear these cases.

In this connection it is noticed that some of the land owners have heretofore requested jury trials through their counsel. The court understands that they have made this demand under the interpretation of the rule which states that unless Congress specifies the tribunal to try the issue of just compensation, and it has not done so in this case, the court is to try these issues unless a jury trial is demanded, and it is only in the event of a jury trial being demanded that the court may exercise its discretion under Rule 71A. However, the Order will provide that any land owner aggrieved by the reference to a commission may petition the court for a trial by jury, providing the application is timely made.

What has been set forth herein is regarded as additional reasons why the commission in the instant case has been appointed and this memorandum is regarded as a supplement to my Order entered April 26, 1962.