526 P.2d 841

Leslie L. MITCHELL, d/b/a Mitchell Construction Company, Plaintiff-Appellant,

v.

C. Ed FLANDRO et al., Defendants-Respondents.

No. 11396.

Supreme Court of Idaho.

July 2, 1974.

---

John B. Kugler, Pocatello, for plaintiff-appellant.

Ben Peterson, Pocatello, for defendants-respondents.

McQUADE, Justice.

The parties in this action were previously before this Court in the case of Mitchell v. Flandro,[1] which affirmed a trial court judgment in part, reversed it in part, and remanded the action with instructions. This appeal involves a dispute over the calculation of interest owed by the defendants-respondents, C. Ed and Stella Flandro, to the plaintiff-appellant, Leslie L. Mitchell. On remand, the trial court held a hearing and a modified judgment was entered. Thereafter, the respondents filed a motion that requested an order authorizing the deposit of the amount of the modified judgment with the trial court clerk as satisfaction of the judgment. The trial court ordered that the respondents could deposit the amount of the judgment with the trial court clerk, that interest would cease upon deposit, and that the appellant would be paid the deposited sum upon filing with the trial court clerk a satisfaction of judgment. The appellant appeals from the modified judgment and the order to this Court.

In the previous appeal it was held that the trial court erred and the trial court judgment was reversed for failing to allow interest on the breach of the contract. It was held that, "Respondent is entitled to the legal rate of interest on $18,075.40 from the date of the breach of contract by appellants, December 1, 1964."[2] On remand, the trial court entered a modified judgment which held,

1. Mitchell v. Flandro, 95 Idaho 228, 506 P.2d 455 (1972).

2. Id., at 462.

"[T]he Court finds that the plaintiff is entitled to interest at the rate of $2.97 per day from December 1, 1964, on the principal of $18,075.40 and is entitled to interest at six (6%) per annum on the costs approved by the Court in the sum of $63.55 from June 22, 1971.

"IT IS THEREFORE ORDERED that plaintiff have Judgment against the defendants C. Ed Flandro and Robert Flandro as administrator of the Estate of Stella Flandro, as modified, for the sum of $18,075.40, costs of $63.55, and legal interest of $8,940.42 to date, together with costs approved in the Supreme Court in the sum of $44.37."

The appellant contends that the trial court erred in its calculation of interest in the modified judgment. The appellant argues that interest should be calculated on the breach of the contract from December 1, 1964, through June 22, 1971, the date of the trial court's original judgment. The interest and costs as of June 22, 1971, are to be added to the trial court's judgment, and then interest at 6% is to be calculated on that amount until payment.

▇ This Court has not been previously presented with the issue of the calculation of interest after reversal of a trial court judgment. In the case of Bashor v. Beloit,[3] a trial court judgment was affirmed in which interest due at the date of the judgment was added to the judgment and then interest on the total judgment ran until satisfied. The *Bashor* case is distinguishable from the original trial court judgment in this action because in this case the trial court did not hold that interest was allowable and therefore interest did not become part of its judgment. This Court reversed the trial court's judgment as to interest and ordered that on remand interest be made part of the judgment.

The modified judgment entered by the trial court was the first time that interest became part of the judgment. The trial court correctly calculated interest from the date of the breach of the contract to the date of the modified judgment in which it included interest as part of the judgment. The trial court also correctly calculated that interest was due on the costs in its original judgment because that sum was not reversed by this Court on appeal.

The above procedure for calculation of interest was followed by the California Supreme Court in the case of Stockton Theatres, Inc. v. Palermo, which held that:

"[W]hen a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. Cowdery v. London, etc., Bank, 139 Cal. 298, 303, 73 P. 196."[4]

In this action, the trial court judgment was reversed on appeal, and therefore bears interest only from the date of the modified judgment. The interest from the date of the breach of the contract to the date of the modified judgment arises out of I.C. § 28–22–104 which provides that pre-judgment interest shall be allowed on liquidated sums. The costs of the original judgment were not reversed or modified on appeal and therefore they bear interest from the date of the original judgment.

▇ The appellant's assignment of error that he was denied due process by the trial court's order allowing payment to the trial court clerk of the amount of modified judgment is without merit because a hearing was held on the modified judgment in which the appellant was permitted to contest the calculation of interest.

Judgment affirmed. Costs to respondents.

3. 20 Idaho 592, 119 P. 55 (1911).

4. 55 Cal.2d 439, 11 Cal.Rptr. 580, 582, 360 P.2d 76, 78 (1961). In *accord*: Resner v. Northern Pacific Railway, 505 P.2d 86 (Mont.1973); Varney v. Taylor, 81 N.M. 87, 463 P.2d 511 (1969); Snapp v. State Farm Fire & Casualty Company, 60 Cal.2d 816, 36 Cal.Rptr. 612, 388 P.2d 884 (1964).

SHEPARD, C. J., and DONALDSON, J., concur.

BAKES, Justice (dissenting):

I dissent. In the previous appeal this Court affirmed the trial court's judgment as to the amount of the breach, but ordered that it should modify its judgment by allowing interest from the date of the breach, pursuant to I.C. § 28–22–104. On remand, the trial court should have calculated interest from the date of the breach to the date of original judgment and added that amount along with the costs of the original judgment to the original judgment. Such action would place the appellant in the same position as if the trial court had ruled correctly on the issue of pre-judgment interest in the original proceeding. After modifying its judgment, the trial court should allow interest on that judgment pursuant to I.C. § 28–22–104 until payment.

The above procedure for calculation of interest was followed by the California Supreme Court in the case of Stockton Theatres, Inc. v. Palermo, 55 Cal.2d 439, 11 Cal.Rptr. 580, 360 P.2d 76 (1961), quoted by the majority, which held that:

> "When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. (Citations omitted). On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. Cowdery v. London, etc., Bank, 139 Cal. 298, 303, 73 P. 196." 11 Cal.Rptr. at 582, 360 P.2d at 78.

In this action, the trial court judgment was modified on appeal to include pre-judgment interest. The trial court should have modified the original judgment upward by adding the pre-judgment interest. Pursuant to I.C. § 28–22–104, interest should have been allowed on the modified judgment from the date of the original judgment.

McFADDEN, J., concurs.