No. 47,432

E. Verne Lippert, et al., *Appellees*, v. George A. Angle, *Appellant*.

(527 P. 2d 1016)

Opinion filed November 2, 1974.

*Gerald Sawatzky*, of Wichita, argued the cause, and *John J. Stang*, of La Crosse, and Foulston, Siefkin, Powers and Eberhardt, Of Counsel, were with him on the brief for the appellant.

*Robert J. O'Connor*, of Hershberger, Patterson & Jones, of Wichita, argued the cause, and *Richard Jones*, of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

Fromme, J.: This appeal is from an order allowing interest on the judgment which was appealed and affirmed as modified in *Lippert v. Angle*, 211 Kan. 695, 508 P. 2d 920.

In *Lippert* this court ordered that a judgment for the amount due on gas royalties be modified. The leases involved in that case required the payment of royalties based upon the market value of the gas produced. On appeal the original judgment of the district court was modified in two respects. The market value of the gas was found to be slightly less than that determined by the trial court based upon undisputed evidence in the record and the amount of prejudgment interest was limited to six percent (6%) per annum as specified in K. S. A. 16-201.

The original judgment in the district court was entered on October 20, 1971. This judgment was affirmed as modified by this court. After the mandate of this court went down, the district court entered

the modified judgment on June 6, 1973. On this latter date the defendant paid into court the full amount of the royalties due as determined on appeal ($41,015.35) plus prejudgment interest at the rate of six percent (6%) per annum from the respective dates the royalties accrued to June 6, 1973 ($13,237.49).

Our separate statutes authorizing prejudgment interest and interest on a judgment provide different rates of interest. Prejudgment interest, when allowed, is limited to six percent (6%) per annum. (K. S. A. 16-201.) Interest on judgments is fixed at eight percent (8%) per annum. (K. S. A. 1973 Supp. 16-204.) On remand of the case the district court allowed prejudgment interest (6%) on the royalties from accrual through October 20, 1971, which is the date the original judgment was entered. It further ordered payment of interest on the total judgment (royalties and interest) at the rate of eight percent (8%) per annum commencing October 21, 1971, and continuing until the judgment was paid into the court, *i. e.*, June 6, 1973. The present appeal involves the amount of interest paid and payable from October 21, 1971, to June 6, 1973.

Defendant-appellant contends the judgment modified on appeal was entered on June 6, 1973, prejudgment interest was paid to that date and no additional interest is due on that judgment. The plaintiffs-appellees argue that when a judgment is affirmed as modified on appeal the date of the original judgment is the date from which interest on the modified judgment runs. Therefore prejudgment interest (6%) was due up to October 20, 1971, when the judgment was originally entered, and thereafter interest (8%) on the judgment was due from October 21, 1971, to April 6, 1973.

Our problem is to determine the date a judgment modified on appeal should be considered as entered for the purpose of determining when prejudgment interest ends and interest on the judgment begins.

Our statute relating to entry of judgments (K. S. A. 60-258) does not specifically relate to judgments modified on appeal. We find no Kansas cases bearing upon the question. The dicta in *Turner v. George Rushton Baking Co.*, 139 Kan. 425, 32 P. 2d 198, does not help for the case was decided on the theory of waiver. So, the question is one of first impression in Kansas.

Various cases on this subject have been collected in the annotation "Judgment—Modification—Interest" appearing in 4 A. L. R. 3d 1221. It appears from these cases that if the original judgment is actually reversed a later judgment entered does not relate back.

However, when the amount of a money judgment has been merely reduced on appeal and the appellate court has, in effect, affirmed the judgment for a reduced amount, it is generally held that the judgment creditor is entitled to interest on the amount of the judgment as reduced from the date that interest would have run on the original judgment if it has not been reduced. (See also 47 C. J. S., Interest, § 59, p. 68.)

The rationale in support of such a holding is stated in *De La Rama v. De La Rama*, 241 U. S. 154, 60 L. Ed. 932, 36 S. Ct. 518, as follows:

". . . [T]hat was the date at which but for the delays of the law the wife [judgment creditor] would have received her dues, the husband [judgment debtor] has had the use of the money meanwhile, . . ." (p. 159.)

See also *Yarno v. Hedlund Box & Lumber Co.*, 135 Wash. 406, 237 Pac. 1002.

The appellant points to the wording of the opinion in *Lippert v. Angle*, supra, where this court remanded the case to the trial court with directions to enter judgment in harmony with the views expressed in the opinion. The contention is made that the judgment entered in compliance therewith on June 6, 1973, was a different and distinct judgment from that originally entered. As previously stated it is generally held that where the action of the appellate court can be regarded as a full reversal, the action of the appellate court has the effect of wiping out the original judgment and interest on the new judgment then runs only from the time when the amount of the new judgment is fixed. (*Pearson v. Schmitt*, 260 Or. 607, 492 P. 2d 269; *Novack v. Novack*, 210 So. 2d 215 [Fla.]; see also 47 C. J. S., Interest, § 59, p. 68.)

In our present case the original judgment was modified in two particulars only. The modification was found necessary by reason of undisputed evidence in the record on appeal. The market value of gas royalties was reduced accordingly and the statute limiting prejudgment interest was called to the attention of the trial court. The theory and basis for recovery remained the same.

It has been held that even though the language used in an opinion may indicate a reversal, and in our case it did not, such language does not control if only a modification of the judgment is intended by the appellate court. See *Snapp v. State Farm Fire & Cas. Co.*, 60 Cal. 2d 816, 36 Cal. Rptr. 612, 388 P. 2d 884.

Accordingly we hold that when a money judgment is merely modified and affirmed on appeal interest on the judgment as modi-

fied should be allowed from the date the original judgment was entered in the trial court.

Some additional facts should be given before we consider the next point on appeal. In the former appeal no question was raised or decided as to when prejudgment interest should terminate. When the trial court entered the order modifying the original judgment the correct mathematical formula to be used in arriving at the dollar amount of the judgment was set forth but the corrected amount of royalties and prejudgment interest was not set forth. The defendant apparently computed the correct amount of royalties due as determined on appeal ($41,015.35), added six percent (6%) interest per annum from the royalty accrual dates up to June 6, 1973 ($13,237.49), and paid the total of $54,252.84 to the clerk of the district court.

A motion was filed by plaintiffs for an order determining the date on which interest on the judgment at the rate of eight percent (8%) per annum should begin and ordering an additional payment of interest. After the trial court ruled on this motion the defendant moved the court for an order directing the investment of the funds. The motion was denied. The plaintiffs then moved for an order granting leave for them to draw down the funds pending the defendant's appeal to this court. The defendant's notice of appeal had previously been filed December 13, 1973. The motion to draw down the funds was filed December 26, 1973, and the court's order on this motion reads in pertinent part as follows:

"IT IS ORDERED:

"That plaintiffs be and they hereby are granted leave to draw-down from the Registry of this Court those certain monies, to-wit, $54,282.84, which defendant paid in by letter dated June 5, 1973. The Clerk of this Court is directed forthwith to pay said monies over to plaintiffs' counsel, Hershberger, Patterson & Jones, for distribution to the respective plaintiffs; and

"IT IS FURTHER ORDERED:

"That this Order and plaintiffs draw-down pursuant hereto is without prejudice to the rights of the respective parties on the issue whether the aforesaid payment of monies into the registry of this Court satisfied the judgment of this Court entered by Journal Entry of Judgment herein on or about October 20, 1971. . . ."

The defendant-appellant contends the acceptance by plaintiff of the monies paid into court constituted an accord and satisfaction which precludes any further recovery. We do not agree. An accord and satisfaction is a method of discharging a contract or a cause of action whereby the parties agree to give and accept something in

settlement of the claim or demand of one against the other, the "accord" being the agreement and the "satisfaction" being its execution or performance. The theory is founded on contract and the essentials of a valid contract must be present before a subsequent action on the original claim or demand will be barred. (*Amino Brothers Co., Inc. v. Twin Caney Watershed District,* 206 Kan. 68, 476 P. 2d 228; *Sanders v. Birmingham,* 214 Kan. 769, 522 P. 2d 959.)

To constitute an accord and satisfaction there must be an offer in full satisfaction of the obligation accompanied by such acts and declarations or under such circumstances that the party to whom the offer is made is bound to understand that if he accepts it is in full satisfaction of and discharges the original obligation. Such cannot be present in this case for the money was drawn down by the plaintiff under authority of a court order which preserved the question between the parties and permitted the withdrawal of money "without prejudice to the rights of the respective parties" on the issue which separated the parties.

In summary we hold that when the amount of a money judgment is reduced on appeal and the appellate court, in effect, affirms the judgment for a reduced amount the judgment creditor is entitled to interest on the amount of the reduced judgment from the date that interest would have run on the original judgment had it not been reduced. The trial court was correct in holding that interest on the judgment at the rate of eight percent (8%) per annum began October 21, 1971, and terminated on June 6, 1973, when the sum of $54,252.84 was paid to the clerk of the court. In addition to the amount previously paid the defendant owes an additional amount of interest (2%) on the judgment from October 21, 1971, to June 6, 1973.

There appears to be some confusion in the record and between the parties as to when interest on the judgment should be terminated, on payment into court or on draw down. When a fund in litigation is deposited into court and is subject to court order, interest is not recoverable thereon during the time it remains so deposited. (*Bartlett v. Heersche,* 209 Kan. 369, Syl. ¶ 2, 496 P. 2d 1314.)

The judgment is affirmed.