733 P.2d 815

**Dennis A. DURSTELER and Gloria V. Dursteler, husband and wife, Plaintiffs-Respondents,**

v.

**Michael P. DURSTELER and Mary T. Dursteler, husband and wife, Defendants-Appellants.**

No. 16470.

Court of Appeals of Idaho.

Feb. 26, 1987.

R.M. Whittier, Whittier & Souza, Pocatello, for defendants-appellants.

D. Russell Wight, Pocatello, for plaintiffs-respondents.

WALTERS, Chief Judge.

This is the second appeal in a case involving the sale of a ranch between two brothers and their wives. In the earlier appeal, *Dursteler v. Dursteler*, 108 Idaho 230, 697 P.2d 1244 (Ct.App.1985), we upheld the district court's determination that the contract between the buyers, Dennis and Gloria Dursteler, and the sellers, Michael and Mary Dursteler, was incomplete and unenforceable. We also modified the district court's judgment awarding $14,702.85 to the buyers as restitution for unjust enrichment, holding that the record then before us supported a recovery of only $10,495. However, because of inadequacies in the record, we remanded the case for a determination whether any further adjustment to the amount of restitution would be appropriate. On remand, the district court entered another judgment, in favor of the buyers, for $8,928.34. Later, upon motion of the buyers under I.R.C.P. 60(a), the district court entered a "corrected judgment" to include postjudgment interest from March 5, 1982, the date of the original judgment. The sellers appeal, raising two issues. They question (1) whether statutory postjudgment interest should accrue from the date of the original judgment; and (2) whether a Rule 60(a) motion to correct a judgment is an appropriate means of altering a judgment to include such interest. We affirm the "corrected" judgment.

I

The original judgment in this case, entered on March 5, 1982, specifically provided for interest from that date at the statutory rate applicable to judgments. On appeal, we did not reverse, vacate or set aside that judgment. Rather, we simply "modified" it to reflect the principal amount recoverable by the buyers, which was supported by the evidence in the record. As

modified, we specifically "upheld" the award. *Id.* at 236, 697 P.2d at 1250. We remanded the case only for further, appropriate adjustment by the district court.

Our disposition was consistent with the approach announced by the Idaho Supreme Court in *Rindlisbaker v. Wilson*, 95 Idaho 752, 519 P.2d 421 (1974). There the Court remanded a personal injuries-damage case to the district court to decide whether a remittitur of the jury's award should be ordered as an alternative to a new trial because of the admission into evidence of speculative testimony relating to damages. The Court said:

> If on remand the trial court does not grant relief against the judgment or merely orders a remittitur of a portion of the judgment, then interest shall run from the date of the original judgment in the principal amount of the judgment (less a remittitur, if any).

*Id.* at 762, 519 P.2d at 431.

In *Mitchell v. Flandro*, 95 Idaho 228, 506 P.2d 455 (1972), a judgment was affirmed in part, and reversed and remanded in part. The portion of the judgment that was affirmed related to the costs awarded. In a subsequent appeal, the Court held that the trial court correctly calculated that postjudgment "interest was due on the costs in its original judgment because that sum was not reversed by this Court on appeal." *Mitchell v. Flandro*, 96 Idaho 236, 238, 526 P.2d 841, 843 (1974) (hereinafter *Mitchell II*).

 A judgment bears interest from the date of its entry in the trial court even though it is still subject to direct attack. When a judgment is modified downward upon appeal, the new sum draws interest from the date of entry of the original order. *Stockton Theatres, Inc. v. Palermo*, 55 Cal.2d 439, 11 Cal.Rptr. 580, 360 P.2d 76 (1961) (cited in *Mitchell II*). On the other hand, when a judgment is reversed any new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. *Id.*

We acknowledge that the *Mitchell II* court also stated, "The costs of the original judgment were not reversed *or modified* on appeal and therefore they bear interest from the date of the original judgment." *Mitchell v. Flandro, supra* 96 Idaho at 238, 526 P.2d at 843 (emphasis added). From this statement one might infer that, in Idaho, interest on a modified judgment would not run from the date of the original judgment. However, we believe reliance on this statement would be misplaced.

■ In *Mitchell II* the portion of the judgment awarding costs was affirmed. The Court did not reach any issue regarding the specific effect of a modification. We are not persuaded that Idaho has deviated from what appears to be the long-standing approach in most jurisdictions. When a judgment is modified downward, the new sum draws interest from the date of the original judgment or order. *Stockton Theatres, Inc. v. Palermo, supra; accord United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875 (1st Cir.1971); *Isaacson Structural Steel Co. v. Armco Steel Corporation*, 640 P.2d 812 (Alaska 1982) (addressing award for attorney fees and costs); *Lippert v. Angle*, 215 Kan. 626, 527 P.2d 1016 (1974) (also holding an intent to modify controls even if language indicates reversal); *Bank of New Mexico v. Earl Rice Constr. Co.*, 79 N.M. 115, 440 P.2d 790 (1968); *Pearson v. Schmitt*, 260 Or. 607, 492 P.2d 269 (1971); *Fulle v. Boulevard Excavation, Inc.*, 25 Wash.App. 520, 610 P.2d 387, 389 (1980) ("It is clear that the matter was not sent back for a new trial but merely for amendment of the original judgment. Under such circumstances, interest on that claim shall date back to and accrue from the date the original judgment was rendered."); *see also Perkins v. Standard Oil Co. of California*, 487 F.2d 672 (9th Cir.1973) (applying rule to attorney fees); *cf. Kneeland v.*

*American Loan and Trust Co.*, 138 U.S. 509, 11 S.Ct. 426, 34 L.Ed. 1052 (1891) (interest runs on part of decree affirmed). *See generally* Annotation, *Judgment—Modification—Interest*, 4 A.L.R.3d 1221 (1965).

In this case, the district court acknowledged the *Stockton Theatres* case in its order correcting the judgment. Including postjudgment interest in the corrected judgment is consistent with the original judgment. Therefore the court granted the motion to correct this oversight or omission. The court interpreted our former opinion as a modification of the original judgment and not as a reversal.

The trial court correctly interpreted the effect of *Dursteler I*. We explicitly affirmed the district court's theory of the case. We "modified" the award and remanded for consideration of any additional setoffs. Despite the sellers' continued reference to a reversal, this term was *not* used in our opinion. We held the district court to have erred only with respect to the measure of restitution. Therefore, the revised judgment automatically bears interest from the date of the original judgment.[1]

■ In the alternative, sellers argue that interest running from the date of the original judgment is inequitable. They assert that the sum is "unliquidated" until the appeal is decided and a new judgment is issued. This argument is without merit. Whether a liability is liquidated or not is relevant only to recovery of prejudgment interest. *E.g. Williams v. Idaho Potato Starch Co.*, 73 Idaho 13, 245 P.2d 1045 (1952). As the above discussion illustrates, postjudgment interest may run on the final amount from the date of the original judgment despite a subsequent modification on appeal. In addition, the prevailing party has been without the use of this sum during the appeal. In I.C. § 28–22–104 the

---

1. While our directive on remand to the district court in *Dursteler I* could have been more explicit in regard to the accrual of postjudgment interest, no issue was raised in that appeal regarding postjudgment interest. Furthermore, our decision in the present case is consistent with dispositions we have made in other appeals. *See e.g., Perry v. Schaumann*, 110 Idaho 596, 716 P.2d 1368 (Ct.App.1986); *Argonaut Ins. Cos. v. Tri-West Constr. Co.*, 107 Idaho 643, 691 P.2d 1258 (Ct.App.1984); *Thompson v. Kirsch*, 106 Idaho 177, 677 P.2d 490 (Ct.App.1984).

Legislature has declared: "The legal rate of interest on money due on the judgment of any competent court or tribunal shall be eighteen cents (18¢) on the hundred by the year." We acknowledge that the statutory interest rate on judgments may discourage appeals. However, we will not presume to second-guess the wisdom of our Legislature in mandating the interest rate on judgments.

## II

We turn next to whether the district court could "correct" its revised judgment, under I.R.C.P. 60(a), to include post-judgment interest from the date of the original judgment. This issue arose as follows.

On remand, the district court received additional evidence, and issued findings of fact and conclusions of law relating to various benefits derived by each party. The court arrived at a "balance" due of $8,928.34 to the buyers. This calculation and the resulting sum are not challenged. A revised judgment was entered. However, the revised judgment did not specify that it would bear postjudgment interest from the date of the original judgment. The sellers immediately offered $8,928.34 in satisfaction of the revised judgment. This offer was rejected by the buyers because it did not include postjudgment interest. Thirty-six days after the revised judgment was issued, the buyers moved to correct the judgment by adding the phrase,

plus interest on the sum of Eight Thousand Nine Hundred Twenty-Eight and 34/100 Dollars ($8,928.34) from March 5, 1982 at the statutory rate of eighteen percent (18%) per annum as provided in the original Judgment entered in the above-entitled matter.

Following a hearing the motion was granted pursuant to I.R.C.P. 60(a). The sellers moved to reconsider but that motion was denied and a corrected judgment was entered. The sellers argue that a Rule 60(a) motion was inappropriate to achieve this change.

Rule 60(a) states in part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The sellers contend that the amendment of the judgment corrected neither a "clerical" error nor an error "arising from oversight or omission." We do not agree. Rule 60(a) closely resembles the federal rule, which has been interpreted as follows:

The term "clerical mistake" does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistake in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent in the record and which does not involve a legal decision or judgment by an attorney. The clerical mistake under Rule 60(a) may be differentiated from the mistake or inadvertence referred to in Rule 60(b)(1), upon the ground that the latter applies primarily to errors or omissions committed by an attorney or by the court which are not apparent on the record.

*In re Mary Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D.N.Y.1967).

Rule 60(a) "deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2854, at 149 (1973). "Rule 60(a) is not a vehicle for relitigating matters that already have been litigated and decided, nor to change what has been

deliberately done." *Id.* at 154 (footnotes omitted).

The sellers argue that the district court on remand initially determined that post-judgment interest would not be allowed. They point to a conclusion by the district judge on remand that "[t]he interest [on] the down payment will not be allowed because the sum was unliquidated." The buyers counter that this statement related to their claim for prejudgment interest. The record supports the buyers' position. Their posthearing brief did seek prejudgment interest on the down payment. The trial court's conclusion specifically related to interest on the *"down payment"*, not to the judgment, which included other damages. Apparently, on remand the judge simply failed initially to re-address the provision for postjudgment interest that was recited in the original judgment. He did not rule against an award of postjudgment interest; the judgment was merely silent on this point.

██ The sellers argue that a Rule 60(a) motion, even if not contradictory to prior findings and conclusions, was not appropriate in this case. However, the weight of authority does not support their position. The federal courts have repeatedly recognized Rule 60(a) as an appropriate vehicle to amend a judgment to include postjudgment interest, where such interest was mandated by rule or statute. *E.g., Glick v. White Motor Co.,* 458 F.2d 1287 (3rd Cir. 1972); *Flowers Transp., Inc. v. M/V Peanut Hollinger,* 94 F.R.D. 99 (E.D.La.1982); *In re Merry Queen Transfer Corp., supra.* Pursuant to Rule 60(a), "the judgment may be corrected by including interest if this is a matter of right but not if allowing interest is discretionary." 11 C. WRIGHT AND A. MILLER, *supra,* § 2854, at 152. *See generally,* 6A J. MOORE, J. LUCAS, AND G. GROTHEER, JR., MOORE'S FEDERAL PRACTICE, ¶ 60.06[4], note 9 (2d ed. 1986). We believe the allowance of postjudgment interest is mandatory, not discretionary with the trial court. *See Rayl v. Shull Enterprises, Inc.,* 108 Idaho 524, 530, 700 P.2d 567, 573 (1985); *Thompson Lumber Co., Inc. v. Cozier Container Corp.,* 80 Idaho 455, 333 P.2d 1004 (1958).

Moore's treatise suggests that "where the court finds no clerical error, then relief for failure to include interest may be had only by a motion under Rule 59 and within its short time limits, by appeal, or by motion under Rule 60(b)." 6A J. MOORE, *supra,* at 60–52. We have reviewed the cases cited in MOORE'S and conclude that the authors overstate the proposition. The cases cited apply to discretionary interest. In contrast, the cases above have permitted the addition of mandatory interest via the "oversight or omission" clause.

The sellers also have referred us to cases denying application of Rule 60(a). These cases may be similarly distinguished. For instance, *Williams v. Idaho Potato Starch Co.,* 73 Idaho 13, 245 P.2d 1045 (1952), and *Chicago and N.W.R.R. v. Union Packing Co.,* 527 F.2d 592 (8th Cir.1976), relate to discretionary prejudgment, not postjudgment, interest. Similarly, *Gilroy v. Erie-Lackawanna Ry.,* 44 F.R.D. 3 (S.D.N.Y.1968) was an action to amend prejudgment interest. In *Gray v. Dukedom Bank,* 216 F.2d 108 (6th Cir.1954), the court found Rule 60(a) inapplicable to add postjudgment interest, but *Gray* involved a judgment against the federal government where postjudgment interest is discretionary. Although the power to correct a judgment may not be used as a guise for substantive changes, *Knox v. Lichtenstein,* 654 F.2d 19 (8th Cir.1981), if postjudgment interest is mandated by law the prevailing parties are not considered to be seeking a substantive change through Rule 60(a). We hold the district court did not err in granting the buyers' motion under Rule 60(a) by correcting the judgment to include postjudgment interest.

The corrected judgment is affirmed. Costs to respondents, Dennis and Gloria Dursteler. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.