95 P.3d 30

**Deborah Laurelie SILSBY fka Deborah Kepner, Plaintiff–Appellant,**

v.

**Jeffery Robert KEPNER, Defendant–Respondent.**

**No. 28671.**

Court of Appeals of Idaho.

Sept. 22, 2003.

Bauer & French, Boise, for appellant.

Jeffery R. Kepner, Oak Creek, California, pro se respondent did not particpate on appeal.

PERRY, Judge.

Deborah Laurelie Silsby, fka Deborah Kepner, appeals from the district court's order affirming the magistrate's modification of child support obligations. We affirm.

## I.

### FACTS AND PROCEDURE

In July 1999, Silsby filed a divorce complaint against her husband, Jeffery Robert Kepner. Kepner executed an acceptance of service but did not appear. The magistrate thereafter entered a default divorce decree. In the decree, the magistrate awarded Silsby

and Kepner joint custody of their five children. Silsby received primary physical custody, and Kepner was awarded visitation. Silsby submitted to the magistrate a standard child support worksheet, but the worksheet failed to allocate to Kepner an offset of child support for the benefit of the child dependency tax exemptions. The magistrate ordered Kepner to pay $780.13 per month in child support, the amount Silsby demanded in her complaint. The decree awarded Silsby the tax exemptions but again did not allocate an offset of Kepner's child support obligation for these exemption benefits.

In April 2001, Kepner filed a petition to modify the child support order alleging that he had suffered a substantial decrease in income, resulting in a permanent and substantial change in circumstances justifying a modification of the order. In response, Silsby filed a motion to dismiss asserting that Kepner was in contempt of court for failing to pay child support, medical expenses, and childcare expenses pursuant to the divorce decree.

On August 22, 2001, Kepner filed a motion to correct a clerical error pursuant to I.R.C.P. 60(a). Kepner asserted that the child support award was incorrect in that the worksheet and decree erroneously failed to provide him credit for the tax exemptions received by Silsby. Soon thereafter, Silsby filed a motion for contempt alleging that Kepner failed to pay child support, childcare expenses, and medical expenses.

On October 2, 2001, the magistrate issued an order finding that the divorce decree incorrectly set forth the amount of child support because the accompanying worksheet erroneously failed to allot Kepner credit for Silsby's receipt of the tax exemption benefits. The magistrate reduced Kepner's support obligation to $603 per month. The magistrate also credited retroactively Kepner's arrearages by an amount equal to the difference between the amount of the obligation according to the original divorce decree and the amount of the obligation according to the magistrate's modification.

Thereafter, the magistrate entered an order dismissing Kepner's motion to modify based on his decrease in income and entered a judgment of contempt for willfully failing to pay child support. Silsby appealed from the magistrate's order crediting Kepner's support obligation for the tax exemption benefits. Silsby's appeal rested on whether the original award of child support, which did not include a tax exemption offset, constituted a clerical error supported by the evidence and whether the conclusions reached by the magistrate were consistent with the Idaho Child Support Guidelines. The district court affirmed the magistrate.

Silsby again appeals. Silsby argues that the magistrate lacked jurisdiction to enter a decree different in amount or kind from the allegations of the divorce complaint. Silsby further contends that the decree's allocation of the tax exemption was not a clerical error subject to correction under I.R.C.P. 60(a). Finally, Silsby asserts that the child support guidelines allow parties to agree as to the dependency deduction and the calculation of the tax benefit to each parent.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

Silsby asserts that because the magistrate entered a default divorce decree, the magistrate lacked jurisdiction to enter a decree different in amount or kind from the allegations set forth in the complaint pursuant to I.R.C.P. 54(c). Rule 54(c) states that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." A district court is without jurisdiction to enter a default judgment, which differs in kind from or exceeds in the amount demanded in the complaint. *Hayes v. Towles,* 95 Idaho 208, 211, 506 P.2d 105, 108 (1973). If an error exceeds the demand of the complaint, the excess award is void. *Id.* However, where the excess in the judgment originates from clerical

error, oversight, or omission, no part of the judgment is void, rather, the judgment is subject to correction under I.R.C.P. 60(a). *Id.* Rule 60(a) allows a court to correct clerical mistakes in judgments if those mistakes arise from oversight or omission. *Id.*

In the present case, the magistrate entered a default decree that mirrored Silsby's demand for judgment as stated in her complaint. Over a year later, Kepner filed a motion to modify his child support obligations pursuant to Rule 60(a), based on the magistrate's failure to calculate an offset against Kepner's obligation for Silsby's receipt of the tax exemption benefits. The magistrate then modified the decree so that it no longer mirrored Silsby's complaint. Instead, the corrected decree recalculated the amount of Kepner's child support obligation based on the value of the tax dependency exemptions. A magistrate would generally lack jurisdiction to modify in this manner unless an error constitutes a clerical error under the "oversight, or omission" exception to Rule 60(a). Thus, this Court must determine whether a clerical error existed with respect to the allocation of the tax exemptions.

Silsby asserts that allocation of the tax exemptions was not a "clerical error" subject to correction under Rule 60(a) and that Rule 60(a) is confined to those instances where the omission or mistake is mechanical in nature. She argues that allocating the tax exemption does not fall into this category. The magistrate found that a clerical error did exist in the child support worksheet submitted by Silsby because the worksheet did not include an offset against Kepner's child support obligation for a proportional share of the dependency tax exemption benefits. We agree.

■ This Court has allowed use of Rule 60(a) to correct an error when the error concerns a matter of right versus a discretionary matter. *See Dursteler v. Dursteler,* 112 Idaho 594, 733 P.2d 815 (Ct.App.1987). In *Dursteler,* this Court recognized Rule 60(a) as an appropriate vehicle to amend a judgment to include postjudgment interest, where such interest was mandated by rule or statute. A clerical error is a type of mistake or omission mechanical in nature which is

apparent in the record and which does not involve a legal decision or judgment by an attorney. *Id.,* at 597, 733 P.2d at 818. Based on the holding in *Dursteler,* this Court must decide if the allocation of the tax exemption is mandatory or discretionary and whether it involves a legal decision.

■ Any interpretation of the Idaho Child Support Guidelines is a question of law over which we exercise free review. *Kornfield v. Kornfield,* 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct.App.2000). Where the language of the guideline is plain and unambiguous, this Court must interpret it in accordance with its plain language and must follow it as promulgated. *See Noble v. Fisher,* 126 Idaho 885, 889, 894 P.2d 118, 122 (1995).

■ Idaho Rule of Civil Procedure 6(c)(6) provides for the adoption of the Idaho Child Support Guidelines (I.C.S.G.). Section 8(c) of the I.C.S.G. provides, in pertinent part:

Unless the parties agree otherwise, the court should assign the dependency exemption(s) to the parent who has the greater income and calculate the tax benefit to each parent from the table below using the marital status and guidelines income of each parent at the time of the child support award calculation.

The parent not receiving the exemption(s) is entitled to a pro rata share of the income tax benefit or child tax credit in proportion to his/her share of the guidelines income. The pro rata share of the income tax benefit will be either a credit against or in addition to the basic child support obligation and shall be included in the child support order.

Silsby' correctly asserts that the parties may agree to the assignment of the dependency exemption and that, if the parties do not reach an agreement, courts may then allocate the right. *See Rohr v. Rohr,* 118 Idaho 689, 800 P.2d 85 (1990).

However, in reviewing the plain meaning of the rule, we conclude that no error has been shown with the magistrate's determination that the second paragraph is a mandatory provision. The magistrate found that the paragraph does not contain the word

"should" or "shall" but instead provides that the parent not receiving the exemption "is entitled" to a pro rata share. This language precludes courts from exercising discretion in considering the value of tax exemptions. Section 8(c) mandates that the court allocate a pro rata share of the tax exemption benefit to the parent not receiving the benefit or that it credit the parent's child support obligation. Therefore, the magistrate did not err in correcting the error with regard to Kepner's support obligations pursuant to Rule 60(a).

Additionally, I.C. § 32–706 lists relevant factors that a court must consider when determining the amount of child support either parent owes. The actual tax benefit recognized by the party claiming the federal child dependency exemption is one such factor. I.C. § 32–706(1)(f). In consideration of the mandatory provision in Section 8(c) of the child support guidelines and the mandatory provision in I.C. § 32–706, this Court concludes that the magistrate did not err in using Rule 60(a) to correct Kepner's child support obligations.

Silsby also contends that the magistrate erred in applying the correction retroactively. To support her argument, Silsby relies on I.C. § 32–709, which provides that the provisions of a support decree may be modified only as to "installments accruing subsequent to the motion for modification." Idaho Code Section 32–709 governs motions for modification in which parties must demonstrate a substantial and material change of circumstances. We are unpersuaded by this argument and, thus, decline to apply I.C. § 32–709 to corrections made pursuant to Rule 60(a). Therefore, the magistrate did not err in applying the correction retroactively.

### III.

### CONCLUSION

The magistrate had proper jurisdiction pursuant to I.R.C.P. 60(a) to modify the divorce decree when the original decree failed to include an offset for child dependency tax exemptions. The district court's order affirming the magistrate's correction of a clerical error pursuant to Rule 60(a) and

modifying Kepner's child support obligation is affirmed. No costs are awarded to respondent Kepner as he did not participate in this appeal.

Chief Judge LANSING and Judge GUTIERREZ concur.