IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39931

| JESSICA LYNN DE GEUS, | ) | 2013 Opinion No. 13 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 22, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| EDWARD KLASS DE GEUS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Susan E. Wiebe, District Judge. Hon. Dan Grober, Magistrate.

Decision by district court on appeal, upholding magistrate's denial of motion to correct judgment, affirmed.

Edward K. DeGeus, Rogerson, pro se appellant.

Tucker & Knox, LLP; Courtnie Tucker, Nampa, for respondent.
_____

WALTERS, Judge Pro Tem

This case involves a motion under Idaho Rule of Civil Procedure 60(a) to correct a judgment entered in the magistrate division of the district court. The magistrate denied the motion. The magistrate's order was upheld on appeal to the district court. We likewise affirm the order denying the motion.

**I.**

**BACKGROUND**

The record shows that the parties were granted a judgment and decree of divorce in the magistrate division of the district court on October 5, 2007. The judgment was by stipulation and contained an order for appellant herein to pay child support to the respondent for the parties' two children. The judgment assigned the tax exemptions to the respondent, reciting that "[s]aid exemptions have been factored into the monthly child support obligation, attached as Exhibit 1." That exhibit consisted of an Idaho Child Support Worksheet which contains a "Tax Exemption

Compensation" amount subtracted from appellant's overall child support obligation to offset the award of the tax exemption to the respondent. The total monthly support amount thus calculated was $351. Subsequent to the entry of the judgment, respondent timely filed a motion, accompanied by an affidavit, to amend the judgment or, in the alternative, to reconsider the judgment. Respondent asserted that her income had been mistakenly overstated in the calculation of child support which was recited in the judgment and decree of divorce. She requested that the appellant's support obligation be awarded in the recalculated amount of $612 per month, an increase of $261 from the amount set forth in the original stipulated judgment and decree of divorce.

The respondent's motion was heard by the magistrate on November 5, 2007. Appellant received proper notice but did not appear at the hearing, nor did he file any objection or response to the motion. The magistrate granted the motion to amend and entered an amended judgment requiring appellant to pay $612 per month as child support. The amended judgment awarded the tax exemptions to the respondent, reciting that "[s]aid exemptions have been factored into the monthly child support obligation, attached as Exhibit 1." Exhibit 1 consisted of an Idaho Child Support Worksheet which showed a "Tax Exemption Compensation" amount of $120.78 added to appellant's overall child support obligation.

In August 2011, nearly four years after the entry of the amended judgment and decree, appellant, through counsel, filed a motion under I.R.C.P. 60(a) to correct the amended judgment.[1] The motion asserted that the child support order contained in the amended judgment did not show an offset against his overall monthly child support obligation for the award of the tax exemptions to respondent.[2] He claimed that the error in the calculation of the child support in the amended judgment was a clerical error subject to correction under I.R.C.P. 60(a).

---

[1]     Idaho Rule of Civil Procedure 60(a) provides in relevant part:
        Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

[2]     The appellant also filed a petition to modify the support obligation, asserting the same grounds as are raised in his motion under Rule 60(a). However, the record on this appeal does not show the disposition of that petition.

Appellant's Rule 60(a) motion was heard by the magistrate on September 14, 2011. Appellant did not file a supporting affidavit for the motion nor did he appear in person and testify or offer any other testimony at the hearing on the motion to correct clerical error which would support his request for relief. Appellant was represented by counsel at the hearing, who argued that his motion relied solely on the "face" of the amended judgment and its child support attachments as a basis for the relief sought. After oral argument, the magistrate denied appellant's motion, reciting in the denial order that appellant had "filed his Motion to Correct Clerical Error without a supporting affidavit and offered no testimony in support thereof."

Appellant appealed the magistrate's decision to the district court. The district court affirmed the decision of the magistrate. This appeal ensued.

## II.

## ISSUES

Appellant raises two issues. First, he argues that the magistrate erred by determining that evidence in the nature of affidavits or live testimony was necessary in order to grant appellant's motion to correct a clerical error and also erred by holding that the absence of such evidence would serve as a basis for denial of appellant's motion. Second, he contends that the magistrate erred by denying his Rule 60(a) motion because the alleged error in the assignment of tax exemptions in the calculation of the child support obligation was apparent on the face of the record. As a third issue in this appeal, respondent has requested an award of attorney fees for defending the appeal, pursuant to Idaho Code § 12-121 and Idaho Appellate Rule 41.

## III.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). If we conclude that there is no error in the magistrate's determination, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

It is difficult to determine from the magistrate's order denying appellant's motion to correct a clerical error whether the magistrate denied the motion on the ground that no affidavit or testimony had been presented to support the motion, or whether the magistrate was simply

3

recognizing a historical circumstance, i.e., that no affidavit or testimony had been presented to support the motion and that the motion should be denied regardless of that historical circumstance. Because we determine that the denial of the appellant's motion was required in this case, we need not resolve the ambiguity allegedly appearing in the magistrate's order. Under our analysis, it would have been error for the magistrate to grant appellant's motion asserted under I.R.C.P. 60(a) even if appellant had presented an affidavit or testimony to support his motion.

We conclude, as did the district court in the intermediate appeal from the magistrate's order, that the magistrate correctly denied appellant's motion because it was an improper method to seek a change in appellant's child support obligation under *Silsby v. Kepner*, 140 Idaho 410, 95 P.3d 28 (2004). In that case, the parties were granted a judgment and decree of divorce. The father's child support obligation was calculated based upon an affidavit of income and child support worksheet offered pursuant to the Idaho Child Support Guidelines. Approximately a year and a half after the judgment and decree of divorce had been entered, the father petitioned for modification of the child support obligation and he also filed a motion under I.R.C.P. 60(a) to correct the judgment, alleging a clerical error by virtue of the failure to include any offset for the tax benefit to the mother for the child dependency exemption. After a hearing, the magistrate granted the father's Rule 60(a) motion, reasoning that the original decree erroneously failed to give the father credit for the tax exemption benefits awarded to the mother in the decree. The magistrate recalculated the child support obligation, reduced the child support payments and retroactively credited the father back to the date of the original decree with the difference between the amount awarded under the decree and the amount that should have been ordered if the father had received the tax exemption offset. In an intermediate appeal, the district court affirmed the magistrate's decision, and the district court's determination was upheld on further review by the Idaho Court of Appeals. *Silsby v. Kepner*, 140 Idaho 412, 95 P.3d 30 (Ct. App. 2003).

However, the Idaho Supreme Court reversed the magistrate's decision. The Court held that the initial error in the child support calculations in the original decree by not giving a proper credit to the father for the tax exemption, was a legal error, as opposed to a clerical error, and was not remediable through recourse under I.R.C.P. 60(a). *Silsby*, 140 Idaho at 412, 95 P.3d at

4

30. The Court said that "the judge in this case made a legal error and not a clerical error in not giving a credit to [the payor-father] for the tax exemption." *Id.*

Here, essentially the same thing happened when the magistrate entered the amended judgment and did not factor in a credit to the appellant arising from assignment of the tax exemption benefit. According to *Silsby*, the failure to give a credit to the payor-parent for the tax exemption benefit was a legal error, not a clerical error, and Rule 60(a) could not be resorted to in order to provide the magistrate with authority to correct the error. The Court in *Silsby* clearly considered a mistake made in the arithmetic allocation of the tax exemption and the related credit in the process of determining an amount to be paid for child support to be an error of a more substantial nature, which has to be corrected by a motion under Rules 59(e) or 60(b). *Silsby*, 140 Idaho at 411, 95 P.3d at 29, *discussing Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct. App. 1987). The Court described the initial magistrate's error--in failing to assign a credit to the payor-parent for the tax exemption benefit in the judgment sought to be changed--in terms of a deliberate, intentional decision, stating: "Where the magistrate did not intend to make the award in the first place, it was not a clerical error to be corrected under Rule 60(a), but rather a legal error that falls outside the remedy of this rule." *Silsby*, 140 Idaho at 412, 95 P.3d at 30.

The Court concluded: "As a result, the magistrate court erred in amending the Decree under I.R.C.P. Rule 60(a) to reduce retroactively the child support obligation based upon a calculation of the pro rata share of the tax benefit which should have been awarded at the time the Decree was originally entered." *Silsby*, 140 Idaho at 412, 95 P.3d at 30.

Applying the Court's conclusion in *Silsby* to this case, we find no error in the magistrate's decision to deny the appellant's motion under Rule 60(a). The record demonstrates that the magistrate entered a child support order in the amended judgment exactly as requested and reflecting the amount prayed for. There is no indication in the record that the magistrate intended to order any other amount of child support than what was reflected in the amended judgment, requested by respondent, and which was entered without objection from the appellant. If there was a mistake flowing from the misallocation or lack of allocation of a credit for the tax exemption benefit, it was a legal error in the substantive application of the support guidelines and was not a clerical one that could be retroactively remedied through application of I.R.C.P. 60(a). *Accord Wolff v. Weber*, 563 N.W.2d 136, 139 (S.D. 1997) (referee's error in misreading child support guidelines was not a clerical error; determination of a party's child support obligation

requires application of the law to the facts of the case and is a judicial function affecting the substantive rights of the parties; "[s]uch a process can never be held to be merely clerical"). Accordingly, we affirm the decision of the district court upholding the magistrate's order denying relief under Rule 60(a).

The respondent has requested an award for attorney fees as the prevailing party under I.C. § 12-121. Such an award will be made when this Court is left with the belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Excel Leasing Co. v. Christensen*, 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct. App. 1989). Although the majority of this Court holds that the result is controlled by the recent decision of our Supreme Court in *Silsby*, which was also followed by the district court in the intermediate appeal, the appellant has presented a cogent argument to the contrary. We conclude that the appeal was not pursued unreasonably or without foundation. Accordingly, the respondent's request for an award of attorney fees under I.C. § 12-121 is denied.

## IV.

## CONCLUSION

The magistrate did not err in denying the appellant's motion for relief under I.R.C.P. 60(a). The appellate decision of the district court upholding the magistrate's denial of relief under I.R.C.P. 60(a) is affirmed. The respondent is awarded costs, but not attorney fees, as the prevailing party pursuant to I.A.R. 41(d).

Judge MELANSON **CONCURS.**

Judge LANSING, **DISSENTING**

The majority, as well as the district court on intermediate appeal, apparently interpret the Idaho Supreme Court's decision in *Silsby v. Kepner*, 140 Idaho 410, 95 P.3d 28 (2004), as holding that any error in calculating child support under the Idaho Child Support Guidelines constitutes a legal error and is therefore not remediable under Idaho Rule of Civil Procedure 60(a). I disagree and therefore dissent. In my view, the magistrate court's error in adding the tax exemption adjustment to appellant's child support obligation instead of subtracting it from the obligation, as required by the guidelines, was not a legal error but a mistake arising from an oversight and is correctible under Rule 60(a).

Preliminarily, I will briefly address the magistrate court's stated ground for denying appellant's motion to correct the child support. The court's order said that the motion was

6

denied because the respondent filed his motion "without a supporting affidavit and offered no testimony in support thereof at hearing . . . ."[1] I find this to be erroneous because appellant's written motion to correct the error explained how documents in the court record demonstrated that the error had occurred. Because the computation error is disclosed in records in the court's own file, no further evidence was necessary to support the appellant's motion, and the magistrate court erred in denying the motion on the ground of lack of supporting evidence.

The majority holds that the denial of the appellant's motion is required by terms of the Supreme Court's decision in *Silsby*. I disagree because the *Silsby* case is readily distinguishable from the circumstances presented here. In *Silsby*, the complaint for divorce set out a child support calculation that granted the child dependency tax exemption to the plaintiff but did not include any offset to the defendant for this tax benefit. The defendant did not appear in the action, and the divorce decree was entered by default. The decree contained the same child support terms set out in the complaint. In that circumstance, the Court said that the magistrate had made a legal error, not a clerical error, in failing to give credit to the defendant for the tax exemption. The Court adopted the following construction of Rule 60(a) that had been articulated by the Ninth Circuit Court of Appeals:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Silsby*, 140 Idaho at 412, 95 P.3d at 30 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)). The *Silsby* Court concluded, "Where the magistrate did not intend to make the award in the first place, it was not a clerical error to be corrected under Rule 60(a), but rather a legal error that falls outside the remedy of this rule." *Silsby*, 140 Idaho at 412, 95 P.3d at 30.

In *Silsby*, where nothing in the record evidenced the trial court's intent other than the default judgment itself, there was no basis for a conclusion that the magistrate had intended to allocate the value of the tax exemption in the first place. In the present case, by contrast, there is

---

[1] Unlike the majority, I see no ambiguity in the magistrate court's dismissal order; the absence of an affidavit or supporting testimony was the stated basis for the magistrate's denial of the motion.

abundant evidence that the magistrate intended to properly apportion the benefit of the tax exemption in compliance with the Idaho Child Support Guidelines and that the error in the amended judgment was the result of an oversight. The original divorce decree, which was entered upon the parties' stipulation, correctly deducted appellant's pro rata share of the tax exemption value from his child support in compliance with the guidelines, thus evidencing the magistrate's intent, as well as the intent of the parties, to properly allocate this sum. The respondent soon thereafter filed a motion to amend the decree. According to that motion, the child support had been incorrectly calculated because the respondent's income was inadvertently overstated. According to the motion, the *only* change sought was recalculation of the child support to reflect respondent's correct income. Nothing in the motion requested any change to the tax exemption allocation. However, in the revised worksheets attached to the motion, which set out new calculations based upon the mother's corrected income amount, the tax exemption value that should have been deducted from appellant's base child support was, instead, added to it. Because nothing in the respondent's motion suggested that such an alteration in application of the exemption was requested, it is apparent that it resulted from an error in respondent's worksheets which was not discovered by the court when it granted respondent's motion to amend the decree.

Idaho Rule of Civil Procedure 60(a) authorizes the correction of errors "arising from oversight or omission." That is the type of error that occurred here. The record before us shows that the magistrate court's intent was to correctly allocate the tax exemption benefit, for the court did so in the initial divorce decree. The erroneous modification of that allocation in the amended decree resulted from the court's oversight in failing to discover an error in the respondent's proffered child support guideline worksheets. Therefore, relief should have been granted under Rule 60(a). This was a "blunder in execution," which *Silsby* says may be corrected under Rule 60(a), rather than a situation where the court made a legal mistake concerning application of the guidelines. Appellant's Rule 60(a) motion sought only to correct the amended decree to reflect the magistrate's original intent.

Accordingly, I would reverse the appellate decision of the district court and remand for correction of the error by the magistrate court.

8