702 P.2d 917

MH & H IMPLEMENT, INC., dba Northwest Equipment, and Gary J. Schwank and Jessie M. Schwank, husband and wife, Plaintiffs-Respondents,

v.

MASSEY-FERGUSON, INC., Defendant-Appellant.

No. 15646.

Court of Appeals of Idaho.

July 5, 1985.

Charles W. Hosack, Smith, Hosack & Potter, Coeur d'Alene, for defendant-appellant.

Manderson L. Miles, Knowlton and Miles, Lewiston, for plaintiffs-respondents.

BURNETT, Judge.

This is an appeal by a farm machinery manufacturer from a judgment in favor of a farm implement dealer under I.C. § 28–23–102. The dealer successfully sued for damages caused by the manufacturer's failure to repurchase parts for farm implements, upon termination of the dealership agreement, as required by the statute. The manufacturer has challenged the district court's adoption verbatim of findings of fact and conclusions of law prepared by the dealer's attorney. The manufacturer also contends that the court erred by including interest charges in the damage award and by granting attorney fees under I.C. § 12–120(2). For reasons explained below we reject the attack upon the verbatim findings and conclusions; we hold that interest was improperly included in the damage award; and we sustain the dealer's entitlement to attorney fees. Accordingly,

we affirm in part, reverse in part, and remand.

The pertinent facts are undisputed. The manufacturer, Massey-Ferguson, Inc., entered into a dealer sales and service agreement with MH & H Implement, Inc., d/b/a Northwest Equipment. The agreement provided that the dealer would sell and repair the manufacturer's products. Pursuant to this agreement, the dealer maintained an inventory of the manufacturer's parts and equipment. Several years later the dealership encountered financial trouble and went out of business. As a result, the dealership agreement also was terminated. The dealer returned his remaining inventory of parts to the manufacturer. The parties then became embroiled in a dispute over the value of the parts returned. The dispute turned upon the meaning of a "current price list," upon the quantity of parts actually received by the manufacturer, and upon the value of parts that had been superseded or removed from farm machinery. The district court resolved each of these points in favor of the dealer and entered judgment for $150,-830.72.

The manufacturer argues that the district court erred by allowing the dealer's counsel to draft findings of fact and conclusions of law and by subsequently adopting those findings and conclusions verbatim. Idaho Rule of Civil Procedure 52(a) requires the trial court to "find the facts specially and [to] state separately its conclusions of law...." The practice of directing the prevailing party's counsel to prepare findings and conclusions, and of adopting them without change is disfavored. *Compton v. Gilmore*, 98 Idaho 190, 560 P.2d 861 (1977). However, this practice does not constitute reversible error *per se. Marshall Brothers, Inc. v. Geisler*, 99 Idaho 734, 588 P.2d 933 (1978). Findings of fact supported by the evidence and conclusions of law correctly applying legal principles to the facts found will be sustained on appeal regardless of their source. *See Cheney v. Jemmett*, 107 Idaho 829, 693 P.2d 1031 (1984); *Pline v. Asgrow Seed*

*Co.*, 102 Idaho 827, 642 P.2d 64 (Ct.App. 1982).

Here, the manufacturer has not challenged the sufficiency of evidence supporting the court's findings. Accordingly, we turn to the legal issues. First, we consider the inclusion of interest in the damage award. The interest expense was incurred by the dealer upon money it borrowed to wind up its affairs when it went out of business. The loan was made by a bank and was secured by an assignment of the dealer's right to payment for parts returned to the manufacturer. The ensuing dispute over the amount owed by the manufacturer produced delay in repaying the loan and caused additional interest to be charged.

■ The dealer contends—and the district court implicitly held—that such additional interest was an "incidental" damage resulting from the manufacturer's breach of its obligation to pay for the parts. Therefore, the interest expense was compensable under I.C. § 28–2–710, a part of the Idaho/Uniform Commercial Code. The manufacturer argues that the repurchase of parts, as provided by I.C. § 28–23–102, was not a "sale" within the contemplation of the UCC. We disagree. A "sale" is defined in I.C. § 28–2–106(1) as "the passing of title from the seller to the buyer for a price...." The repurchase of parts fits squarely within this definition. The transaction may have been mandated by I.C. § 28–23–102 but it was not, for that reason, any less a "sale" under the UCC.

■ However, this does not end our inquiry. The next question is whether the interest expense truly was an "incidental" damage under I.C. § 28–2–710. The statute provides as follows:

Incidental damages to an aggrieved seller include any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the goods or otherwise resulting from the breach.

In some circumstances interest expense caused by a buyer's breach may be compensable under this section of the UCC. *See, e.g., Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 467 F.Supp. 830 (E.D.Mich.1979), *rev'd sub nom. on different grounds, In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905 (6th Cir.1982). However, we find that case and others cited by the dealer to be inapposite here. In those cases the interest charges arose from money borrowed by sellers in order to produce or to acquire the goods sold to the buyers. There was a direct nexus between the buyers' breach and the sellers' costs with respect to the goods. No such nexus exists here. The dealer borrowed money not to acquire parts for resale but to defray general expenses of closing the business.

The mere fact that the seller is not able to pay off a debt to a third person because the buyer does not pay the contract price, does not make the buyer liable to the seller for the greater amount of interest which the seller is required to pay his creditor, as such interest charges are not the result of the buyer's breach but merely an incident of the seller's contract with his creditor.

4 R. ANDERSON, UNIFORM COMMERCIAL CODE 418 (3rd ed. 1983) (footnote omitted). We hold that the interest charges in this case do not represent "incidental" damages recoverable under I.C. § 28–2–710.

■ Alternatively, interest charges might be treated as "consequential" damages. However, in order to recover such damages, a claimant must show that his losses are direct consequences of the opposing party's breach and that the losses were within the reasonable contemplation of the parties when they entered into their contract. *E.g., Traylor v. Henkels & McCoy, Inc.*, 99 Idaho 560, 585 P.2d 970 (1978); *Galindo v. Hibbard*, 106 Idaho 302, 678 P.2d 94 (Ct.App.1984). Here, the district court made no finding as to whether the interest charges were within the contemplation of the parties when they entered into the dealership agreement.

The absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question.... Absent such circumstances, the failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate ... a remand.... [However] where there is no evidence that would support further findings material to the judgment, the judgment will simply be reversed, the plaintiff having failed to prove his claim.

*Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis original).

We have examined the record and have found no evidence to support a finding that the interest charges were within the reasonable contemplation of the parties when they entered into the dealership agreement. The evidence does show that the manufacturer later was advised when the dealer borrowed the money in question. The manufacturer also was informed of the mounting interest charges. But this evidence does not tell us what the parties contemplated when the dealership contract was executed. We conclude that the interest charges are not recoverable as "consequential" damages. The judgment of the district court must be modified by adjusting the damage award.

■ Finally, the manufacturer challenges the award of attorney fees pursuant to I.C. § 12–120(2). The dealer responds, in part, that an objection to the award was waived in the district court. Idaho Rule of Civil Procedure 54(e)(6) provides that an objection to a request for attorney fees must be made within ten days, in the manner provided for objections to costs under I.R.C.P. 54(d)(6). The manufacturer did not object within this time frame. However, it failed to do so because the parties had stipulated to deal with the issue of attorney fees at trial rather than in the usual post-trial proceedings. The manufacturer objected at trial to the award of any

attorney fees. We deem this objection sufficient to avoid a waiver. The issue has been preserved on appeal.

■ The manufacturer's objection runs both to the applicability of I.C. § 12–120(2) and to the amount awarded. The statute provides in pertinent part that "[i]n any civil action to recover on ... [a] *contract relating to the purchase or sale of goods,* wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court to be taxed and collected as costs." (Emphasis added.) This case unquestionably involves a sale of goods. However, the question is whether the suit is one to recover on a "contract" relating to the sale of goods. The manufacturer would characterize the suit not as one to recover on a contract but to recover on a statute, I.C. § 28–23–102. But we believe the statute cannot be disembodied from the contractual relationship between the parties. The statute is predicated entirely upon the existence of a contract between the dealer and the manufacturer. The statute is triggered by termination of the contract. In our view, the statute represents a legislatively imposed supplement to the contract, intended to protect the dealer in the event of termination for any reason. Accordingly, we hold that a dealer's suit to recover the value of parts returned, upon termination of the dealership agreement, is an action to recover on a "contract" relating to the sale of goods within the meaning of I.C. § 12–120(2). The dealer in the present case is entitled to an attorney fee award.

■ The district court awarded attorney fees in the sum of $58,747.00. Although the factors weighed by the district judge in arriving at this figure are not entirely clear from the record, it appears that a contingency arrangement between the dealer and its attorney was considered. Because our opinion today compels an adjustment in the total damage award, the attorney fee allowance should be reexamined by the district court. No further appellate review is necessary at this time. On remand the

district judge is instructed to consider all criteria set forth in I.R.C.P. 54(e)(3). *See Logosz v. Childers*, 105 Idaho 173, 667 P.2d 276 (Ct.App.1983).

In summary, the judgment of the district court is affirmed insofar as the challenge to verbatim findings and conclusions is concerned. However, that part of the judgment which includes a damage award for interest expense is reversed and the case is remanded for entry of a modified judgment. That portion of the judgment which awards attorney fees is affirmed insofar as it establishes an entitlement under I.C. § 12–120(2), but the district court is instructed to reconsider the amount awarded in light of the damage adjustment and the factors enumerated in I.R.C.P. 54(e)(3). Because neither the dealer nor manufacturer is wholly a "prevailing" party on the issues presented by this appeal, we award no costs or attorney fees.

WALTERS, C.J., and SWANSTROM, J., concur.