754 P.2d 1194

**Leonard Leroy LONG,**
**Plaintiff–Appellant,**

v.

**James Elmer HENDRICKS and**
**Blanche H. Hendricks,**
**Defendants–Respondents.**

**No. 16690.**

Court of Appeals of Idaho.

May 2, 1988.

Petition for Review Granted July 25, 1988.

---

John B. Kugler, Pocatello, for plaintiff-appellant.

Gary T. Dance and D. Russell Wight (argued) (Merrill & Merrill, Chartered), Pocatello, for defendants-respondents.

WALTERS, Chief Judge.

Leonard Long appeals from a "supplemental judgment" and associated conclusions of law entered by the district court following remand of this case after a previous appeal. The supplemental judgment increased the damages awarded to Long in a personal injury action, but the district court refused to enter the judgment *nunc pro tunc* or to award attorney fees. We affirm.

Long commenced this action on December 12, 1978, to collect damages resulting from a 1975 automobile accident. Following a court trial, the district judge awarded $8,000.00 for loss of hearing, $2,527.85 for medical expenses, $500.00 for travel expenses, $8,000.00 for additional general

damages, and $2000.00 for lost wages—a total of $21,027.85. The court declined to award attorney fees to Long. On appeal by Long, the judgment was "affirmed in part, reversed in part and remanded for further proceedings...." *Long v. Hendricks*, 109 Idaho 73, 80, 705 P.2d 78, 85 (Ct.App.1985) (hereinafter *Long I*). On remand, the district court allowed additional medical expenses of $899.79, and additional lost wages of $21,100.00. These damages were awarded in the form of a supplemental judgment, but not *nunc pro tunc* to the date of the first judgment as requested by Long. The court again declined to award attorney fees. In addition, the court concluded that tenders of judgment filed by the Hendricks were unconditional and prevented statutory postjudgment interest from accruing on the original judgment.

Long challenges four aspects of the supplemental judgment. First, he contends the district court should have awarded prejudgment interest on the supplemental award. Next, he contends postjudgment interest on the original judgment should have been awarded because the court erred in concluding that the tenders were unconditional. Third, Long asserts that postjudgment interest on the supplemental damage award should accrue from the date of entry of the original judgment. Last, he contends that attorney fees should have been awarded at trial, either because the district court failed to comply with our prior decision or because the Hendricks failed to timely object to the cost bill.

## I

On appeal, Long seeks prejudgment interest on the supplemental damages award. Long contends that these special damages, including medical expenses and lost wages, were liquidated and ascertainable and, therefore, formed an appropriate basis for prejudgment interest. Long's arguments notwithstanding, we do not reach the merits of this issue.

The Hendricks call to our attention the appellate court principle that "an issue not raised below will not be considered when raised for the first time on appeal."

*McNeil v. Gisler*, 100 Idaho 693, 696, 604 P.2d 707, 710 (1979). *See also Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973). Our review of the record reveals that an award of prejudgment interest was not requested as to any supplemental award made on remand. Long's "motion for modified judgment" sought only postjudgment interest that would accrue on the judgment, as modified, from the date of the original judgment. Although prejudgment interest was occasionally mentioned in the hearing on remand, these references evidently were for purpose of analogizing prejudgment interest on the supplemental award with the postjudgment interest requested from the date of the original judgment on the amount of the modified judgment. We address this issue in Part III below. Insofar as Long seeks prejudgment interest before the original judgment, back to the date of loss or date of claim, we hold that the issue was not properly raised and preserved below. We will not discuss it for the first time on appeal.

## II

Following entry of the original judgment, the Hendricks tendered that amount pursuant to the procedure set forth in I.C. § 10–1115. Ordinarily, statutory postjudgment interest is mandated by statute. *Dursteler v. Dursteler*, 112 Idaho 594, 733 P.2d 815 (Ct.App.1987). But, on remand, the district court concluded that the Hendricks' tender of judgment barred the running of postjudgment interest on the original judgment. Accordingly, the court denied Long's claim for interest on the original judgment. The trial court specifically found that the tender was "not conditioned." On appeal, Long contends that as a matter of fact and of law the tender was conditioned on waiver of his appeal right, and therefore should not bar postjudgment interest.

Long is correct in his statement of the law. In *Packard v. Joint School Dist. No. 171*, 104 Idaho 604, 614, 661 P.2d 770, 780 (Ct.App.1983), we held "that a conditional offer of settlement during pendency of an appeal, which results in no actu-

al transfer of funds from the judgment debtor to the judgment creditor, does not terminate the running of statutory interest upon the judgment." Conversely, a payment actually tendered without condition, and without prejudice to the judgment creditor's right to seek a larger award on appeal, will terminate the creditor's right to statutory interest on the existing judgment. *Cf. Carter v. Cascade Insurance Company*, 92 Idaho 136, 438 P.2d 566 (1968). Thus, Long's right to statutory postjudgment interest turns upon whether this tender was so conditioned or, as held by the district court, was unconditional.

The Hendricks' first "Notice of Tender of Judgment Amount," recited:

COMES NOW the Defendant, pursuant to the authority granted in Idaho Code § 10–1115 and tenders to the Clerk of the Court $21,692.00 on the 24th day of November, 1981 in satisfaction of that certain judgment dated September 30, 1981, in the amount of $21,027.85 together with interest from said date to the present. Said judgment is presently on appeal to the Idaho Supreme Court based upon Plaintiff's Notice of Appeal dated November 13, 1981.

Further, the Clerk of the Court is hereby authorized to release the funds hereby tendered to the Court above described to the Plaintiff *upon the presentation of a Satisfaction of Judgment duly executed by the Plaintiff.*

DATED this 24th day of November, 1981. [Emphasis added.]

A second notice, filed on December 21, 1981, in response to a judgment amendment, was essentially the same as the November 24th notice.

Our Supreme Court has held that depositing funds with the clerk under the section 10–1115 procedure does not bar an appeal by the judgment debtor, *Radioear Corporation v. Crouse*, 97 Idaho 501, 547 P.2d 546 (1976), unless the release of the funds is also authorized. *Bob Rice Ford, Inc. v. Donnelly*, 98 Idaho 313, 563 P.2d 37 (1977). Apparently believing that "presentation of a Satisfaction of Judgment" would moot his appeal, Long did not withdraw the prof-

erred funds from the clerk of the court. The Hendricks assert that the language of their notice did not condition the tender, and even if the emphasized phrase were construed as a condition precedent, the condition would be contrary to I.C. § 10–1115 and without effect.

We recently had occasion to apply the rule of *Packard.* In *Buckley v. Orem*, 112 Idaho 117, 730 P.2d 1037 (Ct.App.1986), the judgment debtor offered a payment in "partial satisfaction of judgment." We held that because the offer "did not prejudice the [creditor's] right to collect on the full judgment," it was not so conditioned as to prevent it from barring the running of interest on the amount offered.

Apparently Long did not attempt to test the "condition" by presenting the clerk with a partial satisfaction of judgment or by seeking a court order to release the funds unconditionally pursuant to I.C. § 10–1115. Under these circumstances, we need not decide whether acceptance of a section 10–1115 tender of satisfaction, absent an express waiver of the right to appeal, would actually bar an appeal. Here, in our view, Long has failed to establish that he would have been prejudiced by accepting the tendered amount. The Hendricks did all that was required of them to protect themselves from the running of postjudgment interest while Long's initial appeal was pending. We hold that postjudgment interest on the amount tendered was barred after December 21, 1981.

### III

On remand following the earlier appeal, Long requested that any additional special damages be added *nunc pro tunc* to the original judgment, or, equivalently, that postjudgment interest on the supplemental amount accrue from September 30, 1981, the date of the original judgment. The district court denied the request, but stated: "There is merit to what you say, but I want the Appellate Court to make that determination." The court entered a supplemental judgment for the additional damages on September 11, 1986.

Citing 57 AM.JUR.2d *Motions, Rules and Orders* § 44 (1971), the Hendricks contend that a *nunc pro tunc* order as requested by Long would be inappropriate, because the function of a *nunc pro tunc* order is to record an actual order which was incorrectly entered due to oversight or inadvertence, and not to correct other errors or omissions. However, it is obvious to us that Long was merely seeking an avenue to obtain postjudgment interest on the full judgment as subsequently modified. Long sought this same result by directly requesting that the original judgment date be used as the beginning date for postjudgment interest accrual. If mandated by law, such an option was within the court's power. *See, e.g., Dursteler v. Dursteler, supra.* We choose not to emphasize form over substance. Therefore, we immediately turn to the merits of Long's request for interest running from September 30, 1981.

In *Mitchell v. Flandro,* 96 Idaho 236, 526 P.2d 841 (1974), our Supreme Court held that where a trial court judgment had been *reversed* on appeal it bore interest only from the date of the subsequent judgment. In *Dursteler v. Dursteler,* 112 Idaho at 595, 733 P.2d at 816, we relied upon *Stockton Theaters, Inc. v. Palermo,* 55 Cal.2d 439, 11 Cal.Rptr. 580, 360 P.2d 76 (1961) (also cited in *Mitchell*), for the proposition that, "When a judgment is modified downward upon appeal, the new sum draws interest from the date of entry of the original order." *See generally* Annotation, *Date from Which Interest On Judgment Starts Running, as Affected by Modification of Amount of Judgment on Appeal,* 4 A.L.R.3d 1221 (1965) (hereinafter Annotation, *Judgment Modification*).

In the instant case, the Hendricks direct our attention to our concluding statement in *Long I:* "The judgment is affirmed in part, *vacated* in part and remanded for further proceedings consistent with this opinion." *Long I,* 109 Idaho at 80, 705 P.2d 85 (emphasis added). They argue that a judgment "vacated" is similar to a judgment "reversed." However, this is not necessarily true. "Each case must be examined on its own facts to determine the intent of the appellate court decision." *Fulle v. Boulevard Excavating, Inc.,* 25 Wash.App. 520, 610 P.2d 387, 389 (1980).

In *Long I* we remanded the case for the trial judge to reexamine certain lost wages and medical expenses previously denied. We found no error with respect to liability or those damages which had been awarded. In addition, we directed the court to clarify its reason for denying attorney fees to Long. The case was remanded for further proceedings consistent with our opinion. Clearly our "vacation" was different from a reversal. We upheld the amounts previously awarded. The trial court was directed only to consider additional awards. Thus, we are confronted with the complement of the question presented in *Dursteler*—whether an *upwardly* modified judgment bears postjudgment interest from the date of the original judgment.

■ In general, postjudgment interest will run on the entire final judgment whether the judgment is modified upward or downward. *Stockton Theaters, Inc. v. Palermo, supra;* Annotation, *Judgment Modification* § 5. However, our research indicates that courts have denied postjudgment interest on the added sum during the interjudgment period when the amount was not ascertainable prior to the proceedings on remand. *See, e.g., Yeager Garden Acres, Inc. v. Summit Constr. Co.,* 32 Colo.App. 242, 513 P.2d 458 (1973); *see also Morris v. Standard Oil Co.,* 192 Cal. 343, 219 P. 998 (Cal.1923). *See generally* Annotation, *Judgment Modification* § 6.

■ In the absence of a specific directive, on remand the trial court is free to act within the bounds of the law. *See, e.g., Dursteler v. Dursteler, supra; Fulle v. Boulevard Excavating, Inc., supra.* Although in this instance the trial court found it unnecessary to receive additional evidence to determine the amount of the supplemental judgment, such a proceeding was within the court's perogative. If the additional amount had been ascertainable as a matter of law on the original appeal, we could have simply determined that amount and ordered amendment of the

judgment. However, we declined to do so and, instead, remanded the case to permit the trial court to reevaluate the evidence. The *Yeager Garden Acres* approach is consistent with Idaho's policy of denying prejudgment interest on unliquidated claims. Under these circumstances we cannot say that, as a matter of law, the sum was ascertainable prior to the proceedings on remand. *Cf. Resner v. Northern Pacific Railway*, 164 Mont. 176, 520 P.2d 655 (1974).

We need not decide today under what circumstances postjudgment interest may run on the entire judgment from the date of an original judgment that subsequently has been modified upward. We hold only that this is not such a case. We affirm the trial court's denial of interjudgment interest on the supplemental judgment.

## IV

Long asserts that the district judge failed to comply with our directive with respect to attorney fees. In its original findings, the district court referred to I.R.C.P. 54(e)(1) on attorney fees. On initial review we noted that this case was filed before March 1, 1979 (the effective date of I.R.C.P. 54(e)(1)), and, therefore, the district court was not bound by that rule. However, it was not clear whether the court mistakenly believed the rule was binding or merely looked to the rule for guidance when exercising his discretion. We directed the court to "reconsider its order denying attorney fees, making a clear record as to whether it is choosing to apply the standards of rule 54(e) in reaching its ultimate decision on the request for attorney fees." After examining the record of the proceedings before the district judge, we are satisfied that the court understood and followed our instruction.

The district court concluded:

This Court finds as fact and in the exercise of its discretion that attorney's fees are not awardable to either party. It reaffirms its findings in the Court Order dated December 21, 1981, disallowing said attorney's fees and further finds as fact and in the exercise of its discre-

tion the Court at no time felt bound to apply the standards of Idaho Rule of Civil Procedure 54(e) but simply finds as a fact that attorney's fees should not be awarded in this case in the Court's discretion.

During colloquy, the judge responded affirmatively when the Hendricks' counsel asked if he believed he was not bound by the standards of Rule 54(e). The court's written conclusions are consistent with this response. The written conclusions are attacked by Long because they were drafted by Hendricks' counsel and apparently approved by the judge as submitted. Although we continue to discourage this procedure, *see, e.g.*, *MH & H Implement, Inc. v. Massey–Ferguson, Inc.*, 108 Idaho 879, 702 P.2d 917 (Ct.App.1985), Long has pointed to no reason to doubt that the court did, in fact, adhere to the stated conclusion. Our examination of the complete record satisfies us that our instructions were understood and followed by the court.

Alternatively, Long contends that attorney fees were mandated because the Hendricks failed to timely object to the memorandum of costs. *See* I.R.C.P. 54(d)(6). This issue was disposed of in *Long I* and does not merit extended discussion here. Lack of a timely objection precludes a party against whom fees are awarded from challenging the award on appeal. However, it does not preclude the court from exercising its discretion in deciding whether to make an award. I.R.C.P. 54(d)(1)(D); *Operating Engineers Local Union 370 v. Goodwin Construction Company of Blackfoot*, 104 Idaho 83, 656 P.2d 144 (Ct.App.1982).

The supplemental judgment is affirmed. No attorney fees on appeal. Costs to respondents, Hendricks.

BURNETT and SWANSTROM, JJ., concur.